IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-4152

_____

TERRANCE KEITH HUNT,

Plaintiff-Appellant,

versus

U. S. DEPARTMENT OF JUSTICE, ET AL.,

Defendants-Appellees.

_____

Appeals from the United States District Court for
the Western District of Texas
_____

(August 31, 1993)

Before REAVLEY, DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:

Terrance Hunt appeals from the district court's dismissal of his motion to return property.  We agree with the district court that Hunt's motion can be dismissed if he has an alternate adequate legal remedy, but we disagree with its conclusion that Hunt has such a remedy.

**I.  BACKGROUND**

In May 1990, Terrance Hunt filed a motion under FED. R. CRIM. P. 41(e) for the return of approximately $46,000, claiming that the Federal Bureau of Investigation (FBI) erroneously held this

money.  Hunt later added several Louisiana parties as defendants to his motion.[1]

In August 1990, the FBI issued two checks to Hunt for the total amount that he claimed.  Louisiana seized these checks two months later according to a Louisiana judge's warrant, which "authorized [Louisiana officials] to seize said aforementioned checks and hold them subject to the orders of th[e] court."  In November 1990, Louisiana claimed the checks in forfeiture proceedings.

By adopting a magistrate's recommendations, the district court held that Hunt's Rule 41(e) motion must be dismissed because the Louisiana forfeiture proceeding represents an adequate remedy at law under which he can recover his property.  Alternatively, the court held that the Louisiana defendants must be dismissed because Hunt did not properly name them or state claims against them.

## II. DISCUSSION

A. TIMELINESS OF APPEAL

Hunt filed his notice of appeal in this case after the ten-day limit for criminal appeals imposed by FED. R. APP. P. 4(b), but before the sixty-day limit for civil appeals imposed by FED. R. APP. P. 4(a)(1).  Though Hunt initiated this case under Federal Rule of Criminal Procedure 41(e), the district court at all times treated this case as a civil proceeding.  This court has also

---

[1] These parties are Jay Via, Marcus Clark, Metro Narcotics Unit of the Ouachita Parish Sheriff's Department, and Ouachita Parish Sheriff's Office.

before decided procedural questions in Rule 41(e) cases according to the Federal Rules of Civil Procedure. *Industrias Cardoen, Ltda. v. United States*, 983 F.2d 49, 52 (5th Cir. 1993) (addressing merits of appellants' arguments concerning FED. R. CIV. P. 60(b) in a Rule 41(e) case). Other circuits have held that, for simplicity and clarity, "all appeals from orders granting or denying motions under Rule 41(e) will be treated as civil appeals." *United States v. Taylor*, 975 F.2d 402, 403 (7th Cir. 1992); *accord United States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir. 1987). We agree with these courts because Rule 41(e) motions represent a means by which a criminal defendant can determine her rights in property, and not a part of the trial and punishment process that is criminal law. Accordingly, Hunt timely appealed the district court's dismissal of his Rule 41(e) motion.

B. REMEDY ADEQUACY

The district court correctly held that a court may deny a Rule 41(e) motion where an adequate remedy at law exists. *Industrias Cardoen,* 983 F.2d at 51-52. But the court erred by holding that Hunt has an adequate remedy at law in the Louisiana forfeiture proceeding. The October 1990 warrant which permitted Louisiana authorities to seize the two United States checks payable to Hunt required a *court order* before Louisiana could cash those checks. The record contains no indication that Louisiana cashed the checks, nor that any court permitted Louisiana to do so. Moreover, the checks each state on the front

3

"VOID AFTER ONE YEAR," and bear an issuance date of August 28, 1990. Thus, the checks were worthless before the magistrate issued his Recommendation on December 24, 1991.

The FBI retains Hunt's money, and the Louisiana forfeiture proceeding will not help him get it back. On remand, the district court must follow *Industrias Cardoen* and provide Hunt a means of challenging the FBI's retention of his money. We admonish the court to act swiftly to resolve Hunt's claims, which have lingered in the courts for years through no fault of Hunt.

C. LOUISIANA DEFENDANTS

We agree with the district court's legal conclusions that require dismissal of the Louisiana defendants.

## III. CONCLUSION

We affirm the district court's judgment except as it applies to the Department of Justice. We reverse the judgment as it applies to the Department of Justice and remand this case for further consideration.

AFFIRMED in part, REVERSED in part, and REMANDED.

4