**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 14 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

HARVEY FRANK ROBBINS, JR.,

      Defendant - Appellant.

No. 98-8038

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. No. 97-CR-92-1)

---

John Michael McCall and L. Eric Lundgren (Karen Budd-Falen of Budd-Falen Law Offices, P.C., Cheyenne, Wyoming, Robert T. Moxley of Gage & Moxley, Cheyenne, Wyoming, and Thomas R. French of Thomas R. French, P.C., Ft. Collins, Colorado, on the briefs), of Budd-Falen Law Offices, P.C., Cheyenne, Wyoming for Defendant-Appellant.

David A. Kubichek, Assistant United States Attorney (David D. Freudenthal, United States Attorney, Cheyenne, Wyoming, with him on the brief), Casper, Wyoming for Plaintiff-Appellee.

---

Before **PORFILIO**, **MCWILLIAMS**, and **BALDOCK**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

## I.

Defendant Harvey Frank Robbins purchased the High Island Ranch in Hamilton Dome, Wyoming, in 1994. Prior to that date, the Bureau of Land Management (BLM) obtained an easement across the ranch from Defendant's predecessor in interest. The agency, however, failed to record the easement. Thus, the easement was not enforceable against Defendant. BLM officials contacted Defendant and attempted to obtain another easement across his property. Defendant refused to grant the easement.

After Defendant refused to grant the easement, his relationship with BLM deteriorated. A series of events occurred which culminated in Defendant being charged by information with two counts of knowingly and forcibly impeding and interfering with a BLM employee, in violation of 18 U.S.C. § 111. Defendant was tried before a jury, which after deliberating for twenty-five minutes, returned a verdict of not guilty. Pursuant to the "Hyde Amendment" of the Departments of Commerce, Justice, and State, The Judiciary, and Related Agencies Appropriations Act of 1998, Pub. L. 105-119, 111 Stat 2440, 2519, Defendant sought attorneys' fees and costs on the grounds that the government's position was vexatious, frivolous and in bad faith. The district court denied the request for attorneys' fees and costs on April 8, 1998. Defendant filed a notice of appeal fifty-four days later on June 9, 1998.

## II.

At the outset, we must determine whether we have jurisdiction to proceed to the

2

merits of this appeal.  Semtner v. Group Health Service of Oklahoma, Inc., 129 F.3d 1390, 1392 (10th Cir. 1997).  The timely filing of a notice of appeal is mandatory; without it we lack jurisdiction over an appeal.  In re Weston, 18 F.3d 860, 862 (10th Cir. 1994).  Federal Rule of Appellate Procedure 4(a) provides that, in a civil case where the government is a party, a notice of appeal must be filed with the district clerk within sixty days after the judgment or order appealed from is entered.  By contrast, Fed R. App. P. 4(b) provides that, in a criminal case, the party appealing must file a notice of appeal with the district clerk within ten days after entry of the judgment or order.  This case requires us to determine whether an appeal from the denial of attorney's fees and costs under the "Hyde Amendment" is timely filed fifty-four days after the court enters an order denying the motion.  For the reasons that follow, we conclude it is not.

The "Hyde Amendment" states that:

> . . . in any criminal case . . . [the court] may award a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith . . . .  Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code . . . .

Pub. Law 105-119, 111 Stat. 2440, 2519 (emphasis added).

The Equal Access to Justice Act, 28 U.S.C. § 2412, sets out the procedures a litigant must follow to recover costs and attorneys' fees in civil cases against the United States where the court determines that the United States acted in bad faith.  Because a request under § 2412 arises out of a civil action against the United States, a party

3

appealing the denial of attorney's fees must file a notice of appeal within sixty days of denial of the motion. Fed. R. Civ. P. 4(a); Cf. Bryan v. Office of Personnel Mgmt., 165 F.3d 1315, 1321 fn.7 (10th Cir. 1999) (court would not entertain appeal from denial of request for attorneys' fees under § 2412 outside the sixty-day time limit contained in Fed. R. App. P. 4(a)(1)). Defendant argues that because costs and attorneys' fees under the "Hyde Amendment" are awarded pursuant to the "procedures and limitations" provided for in 28 U.S.C. § 2412, the time for filing a notice of appeal under the "Hyde Amendment" is the same as the time for appealing the denial of attorneys' fees and costs under § 2412.[1] We disagree.

The "procedures and limitations" contained in § 2412 do not address the time in which a party must appeal the denial of attorneys' fees under that section. Instead, they concern the time in which a request for attorneys' fees and costs must be made to the district court and the steps a litigant must take in making such a request. The time in which an appeal must be filed is governed by Fed. R. App. P. 4, not § 2412. Because an award under § 2412 arises out of a civil matter against the government, Fed. R. App. P. 4(a)(1)(B) applies and litigants must file a notice of appeal within sixty days after the district court enters the order appealed from. In contrast, the "Hyde Amendment" applies to criminal cases where the government's position is vexatious, frivolous, or in bad faith.

---

[1] On May 19, 1999, Defendant filed a Motion for Leave to File Supplemental Authority. We grant Defendant's motion.

Because an appeal under the "Hyde Amendment" arises out of a criminal case, Fed. R. App. P. 4(b) applies and litigants must file a notice of appeal within the 10 days after the order appealed from is entered.

Defendant alternatively argues that if Rule 4(b) applies, we should remand the cause to the district court for a determination of whether his failure to file constitutes excusable neglect. Rule 4(b) allows a district court to extend the time for filing a notice of appeal for thirty days. United States v. Leonard, 937 F.2d 494, 495 (10th Cir. 1991). The court may not enlarge the time beyond the 30-day limit. Certain Underwriters at Lloyds of London v. Evans, 896 F.2d 1255, 1256 (10th Cir. 1990). Defendant filed his notice of appeal fifty-four days after the district court denied his motion for attorneys' fees and costs. The maximum time available to file a notice of appeal under Rule 4(b), including extensions, is forty days. Leonard, 937 F.2d at 495. Thus, even if the district court granted the maximum extension, Defendant's notice of appeal would be fourteen days late. Therefore, a remand would be futile.

### III.

In sum, a request for attorneys' fees and costs under the "Hyde Amendment" arises out of a criminal case. Federal Rule Appellate Procedure 4(b) allows ten days for a litigant to file a notice of appeal in a criminal matter. In certain situations, a district court may extend the time for filing a notice of appeal for a maximum of thirty days. Defendant filed his notice of appeal fifty-four days after the district court entered an order

5

denying his motion for attorneys' fees and costs.  We therefore lack jurisdiction to hear his appeal.  <u>Weston</u>, 18 F.3d at 862.

APPEAL DISMISSED.