**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: 1997 GRAND JURY

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-2110

KERMIT BUNN,
Defendant-Appellant,

and

TRI STATE ASPHALT CORPORATION,
Party in Interest.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
W. Craig Broadwater, District Judge.
(CA-97-10-5-MC)

Argued: April 6, 2000

Decided: June 15, 2000

Before LUTTIG and WILLIAMS, Circuit Judges, and
Gerald Bruce LEE, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by published opinion. Judge Williams wrote the opinion, in
which Judge Luttig and Judge Lee joined.

_____

**COUNSEL**

**ARGUED:** William Anthony Kolibash, PHILLIPS, GARDILL, KAI-SER & ALTMEYER, Wheeling, West Virginia, for Appellant. David Earl Godwin, United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

**OPINION**

WILLIAMS, Circuit Judge:

Kermit Bunn filed an application in the United States District Court for the Northern District of West Virginia for attorney's fees and expenses pursuant to the Hyde Amendment after the United States (the Government) voluntarily dismissed without prejudice contempt proceedings against him, which were grounded upon allegations that he threatened a grand jury. The district court denied Bunn's application, concluding that the Government's prosecution was not vexatious, frivolous, or in bad faith. For the reasons that follow, we affirm the district court's denial of Bunn's application for fees and expenses under the Hyde Amendment.

I.

On December 17, 1998, Kermit Bunn appeared before a federal grand jury in response to a subpoena requiring him to authenticate certain records from his corporation, Bunn Construction of Ohio, Inc. At the grand jury hearing, Bunn initially refused to take the oath because he believed that the Assistant U.S. Attorney, Michael Stein, was not authorized to practice law in the Northern District of West Virginia. Bunn, who apparently had various papers that he wanted to present to the grand jury relating to rules of the practice of law in West Virginia, appeared to threaten the grand jury by stating, "I have legal paperwork on all of you. You need to go get legal counsel."[1]

_____

[1] Bunn argued that his statement was, "I have legal paperwork for you." (J.A. at 41 (emphasis added).) The Government, after later reviewing the tape, concluded that Bunn actually said: "I have legal paperwork all of you need to go get legal counsel." (J.A. at 129.)

(J.A. at 40 (emphasis added).) Following this statement and his refusal to take the oath, the district court held a hearing on Stein's ability to practice law in West Virginia. The district court denied Bunn's motion to disqualify Stein and ordered Bunn to take the oath, which he did. Bunn then presented the documents to the grand jury. Afterwards, apparently at the prompting of the grand jury foreman, the district court considered whether to hold Bunn in contempt based upon Bunn's apparent threat to the grand jury. Stein called the court reporter to the stand, who testified that Bunn's statement was, "I have legal paperwork on all of you. You need to go get legal counsel." (J.A. at 40 (emphasis added).) This is the statement that appears in the court reporter's transcript.**2** The grand jury foreman also confirmed that the grand jury perceived the statement to be a threat. Neither the court reporter nor Stein checked the backup tape to confirm what Bunn had said. Based upon this testimony, the district court entered an order to show cause why Bunn should not be held in criminal contempt. The district court scheduled a trial for January 21, 1999 and required Bunn to post $5,000 bond. Bunn could not pay the bond and, as a result, he was handcuffed and taken into custody in front of several members of the grand jury, who were seated in the courtroom during the proceedings.

On January 11, 1999, Bunn moved for discovery and asked for a copy of the tape recording made by the court reporter. The Government did not object, but it apparently did not supply the tape. On February 10, 1999, after reviewing the tape, the Government moved to dismiss the contempt proceeding without prejudice. The Government concluded that Bunn's statement on the tape was too vague to prove

---

**2** According to the court reporter's handwritten transcript, Bunn's statement, in pertinent part, was:

> Before you swear me in, I would like for the Grand Jurors to ask Mr. Stein why he is practicing law without a license in the State of West Virginia. He may respond it's never been put over on a court session that he can't produce a West Virginia bar license, and I know he can't. He is an unauthorized person to put on a Grand Jury. This trial is ended today. I have legal paperwork on all of you. You need to go get legal counsel. I will take the oath -- testify under oath once you get him out of here.

(J.A. at 40.)

beyond a reasonable doubt that Bunn had actually threatened the grand jury.

On April 15, 1999, Bunn filed an application for fees and other expenses under the Hyde Amendment seeking reimbursement from the Government for attorney's fees and expenses incurred in defending what he alleged to be vexatious, frivolous, and bad faith charges.[3] On July 7, 1999, the district court denied the motion. On August 5, 1999, Bunn filed his notice of appeal.

On appeal, Bunn argues that the district court abused its discretion in denying his request for attorney's fees and expenses under the Hyde Amendment because the Government's pursuit of contempt charges against him for allegedly threatening the grand jury was vexatious, frivolous, and in bad faith. The Government responds that we lack jurisdiction to hear Bunn's appeal because Bunn failed to file a timely notice of appeal. Because questions of subject matter jurisdiction "'concern the court's very power to hear the case,'" Owens-

_____

[3] Bunn's motion is entitled "Defendant's Application For Fees And Other Expenses Pursuant to 28 U.S.C. § 2412 And Title VI § 617 Of Public Law 105-119, 111 Stat 2519 (Equal Access To Justice Act)." The Hyde Amendment, while not codified, is set forth in the legislative notes following 18 U.S.C.A. § 3006A (West Supp. 1999). The legislative notes state that

> Pub. L. 105-119, Title VI, § 617, Nov. 26, 1997, 111 Stat. 2519, provided that: "During fiscal year 1998 and in any fiscal year thereafter, the court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) pending on or after the date of the enactment of this Act [Nov. 26, 1997], may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code."

18 U.S.C.A. § 3006A, Historical and Statutory Notes, "Attorney Fees and Litigation Expenses to Defense" (West Supp. 1999).

4

Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (quoting 2 James Wm. Moore et al., Moore's Federal Practice§ 12.30[1] (3d ed. 1998)), we must first determine whether we have jurisdiction to hear Bunn's appeal before proceeding to the merits of that appeal.

II.

As an initial matter, the Government argues that because the underlying contempt proceeding was a criminal matter, Bunn's appeal is subject to the ten-day time period for filing a notice of appeal from a criminal action. Consequently, the Government argues that Bunn's notice of appeal, which was filed on August 5, 1999, was untimely because it was filed more than ten days after the district court's July 7, 1999 order. Bunn responds that because the district court treated his Hyde Amendment action like a civil case, as evidenced by its civil docket number, and because his claim seeks remedial, rather than punitive, relief his Hyde Amendment action is in the nature of a civil proceeding. Bunn argues, therefore, that his notice of appeal was timely because it was filed within sixty days after the district court's order. Reviewing this question of subject matter jurisdiction de novo, see Tillman v. Resolution Trust Corp., 37 F.3d 1032, 1034 (4th Cir. 1994), we conclude that Bunn timely filed his notice of appeal.

The timely filing of the notice of appeal is mandatory and jurisdictional. See United States v. Robinson, 361 U.S. 220, 229 (1960). Federal Rule of Appellate Procedure 4(a), which governs appeals in civil cases, provides that "[w]hen the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(B). Federal Rule of Appellate Procedure 4(b), which governs appeals in criminal cases, provides that"[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of" the entry of the judgment or order being appealed or the filing of the Government's notice of appeal. Fed. R. App. P. 4(b)(1). Bunn filed his notice of appeal more than ten days after, but within sixty days of, the district court's order. Thus, his notice of appeal is timely only if it is an appeal in a civil case, rather than an appeal in a criminal case.

5

The Hyde Amendment provides that a prevailing defendant "in any criminal case" may seek attorney's fees and costs. See 18 U.S.C.A. § 3006A, Historical And Statutory Notes. Thus, by the plain language of the Hyde Amendment, the underlying action in which the fees and expenses are incurred must be criminal in nature. It does not, however, specify whether a Hyde Amendment claim itself is criminal or civil in nature, nor does it articulate a time period for filing the notice of appeal for a Hyde Amendment claim. See id.  Although the Hyde Amendment explicitly incorporates "the procedures and limitations (but not the burden of proof) provided for an award under [28 U.S.C.A. § 2412 (West 1994 & Supp. 1999)],"[4] id., "[t]he`procedures and limitations' contained in § 2412 do not address the time in which a party must appeal the denial of attorneys' fees under that section," United States v. Robbins, 179 F.3d 1268, 1270 (10th Cir. 1999). Rather, the "procedures and limitations" contained in § 2412 "concern the time in which a request for attorneys' fees and costs must be made to the district court and the steps a litigant must take in making such a request." Id. Thus, the plain language of the Hyde Amendment does not guide us in determining whether an appeal from a Hyde Amendment action is civil or criminal in nature.

The only federal courts of appeals that have addressed this issue are the Tenth Circuit in Robbins and the Fifth Circuit in United States v. Truesdale, No. 99-10096, 2000 WL 554543 (5th Cir. May 5, 2000). In Robbins, the Tenth Circuit held that"the `Hyde Amendment' applies to criminal cases where the government's position is vexatious, frivolous, or in bad faith. Because an appeal under the `Hyde Amendment' arises out of a criminal case, Fed. R. App. P. 4(b) applies and litigants must file a notice of appeal within the 10 days after the order appealed from is entered." Robbins, 179 F.3d at 1270. In Truesdale, the Fifth Circuit reached the opposite conclusion and held that an appeal from a denial of fees under the Hyde Amendment is governed by the appeal period applicable in civil cases. See Truesdale, 2000 WL 554543, at *4.

_____

**4** Section 2412 of Title 28 permits an award of fees and expenses "to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C.A. § 2412(a)(1) (West 1994).

6

The Government relies upon Robbins and the Hyde Amendment's applicability "in any criminal case" to argue that an appeal from a Hyde Amendment action is a criminal appeal. Bunn responds that the remedial nature of the relief sought and the civil docket number at the district court clearly show that his claim is civil in nature, and, indeed, that the district court treated it as such.**5**

In other contexts, we have recognized that proceedings ancillary to a criminal prosecution can be civil in nature. In United States v. Garcia, 65 F.3d 17 (4th Cir. 1995), for example, we concluded that an appeal from a Fed. R. Crim. P. 41(e) action to recover property,**6** which arose from the seizure of miscellaneous items during Garcia's arrest, was timely even though Garcia filed the notice of appeal more than ten days after the district court's order dismissing his claim. See id. at 18 & n.2. We stated that "[w]e agree with those circuits that have held that a motion for return of property, at least where no criminal proceedings are pending, is a civil action against the United States," and, therefore, that "the sixty-day period for appeals in civil actions in which the United States is a party" applies. Id. at 18 n.2. We cited favorably Hunt v. Department of Justice , 2 F.3d 96, 97 (5th Cir. 1993) (per curiam), in which the Fifth Circuit addressed whether a notice of appeal from a Rule 41(e) action was timely where it was filed outside the ten-day period for criminal appeals but within the sixty-day period for civil appeals. See Garcia , 65 F.3d at 18 n.2. In Hunt, the Fifth Circuit noted that "[t]hough Hunt initiated this case under Federal Rule of Criminal Procedure 41(e), the district court at all times treated this case as a civil proceeding." Hunt, 2 F.3d at 97.

_____

**5** The contempt hearing was identified as "Criminal Action No. 5:97MC10" on the transcript of the December 17, 1998 proceedings. (J.A. at 25.) But, the docket sheet identifies the present appeal as "Civil Docket For Case #: 97-MC-10." (J.A. at 1.) The Government argues that a simple docketing error should not determine whether an appeal is civil or criminal.

**6** Federal Rule of Criminal Procedure 41(e) provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property." Fed. R. Crim. P. 41(e).

7

The court concluded that an appeal from a Rule 41(e) action was a civil appeal "because Rule 41(e) motions represent a means by which a criminal defendant can determine her rights in property, <u>and not a part of the trial and punishment process that is criminal law</u>." <u>Id.</u> (emphasis added).

We find <u>Garcia</u> and <u>Hunt</u> instructive. Indeed, we see little material difference between an appeal from a Rule 41(e) action to recover property seized in the course of a criminal prosecution and a Hyde Amendment action to recover attorney's fees and expenses incurred in the course of defending a criminal prosecution. In each case, the action is simply a means to determine a claimant's rights arising from criminal proceedings. <u>See United States v. Guzman</u>, 85 F.3d 823, 830 (1st Cir. 1996) ("A defendant may bring an independent civil action for the return of property even if the underlying criminal case has been closed."). And, in each case, the appeal at issue is "not a part of the trial and punishment process that is criminal law." <u>Hunt</u>, 2 F.3d at 97. The Government relies largely upon <u>Robbins</u>, which in turn relies upon the conclusory rationale that an appeal from a Hyde Amendment claim must be criminal in nature because the Hyde Amendment claim "arises out of a criminal case." <u>Robbins</u>, 179 F.3d at 1270. But here, the criminal action itself is complete and all that remains is to determine whether Bunn can recover fees and expenses that may or may not have been needlessly incurred. **7** We, like the

_____

**7** We also find it notable that the burden of proof in a Hyde Amendment action is on the claimant, rather than the Government. <u>See United States v. Pritt</u>, 77 F. Supp.2d 743, 747 (S.D. W. Va. 1999). In other contexts, courts have looked to the burden of proof, among other things, in determining whether an action is civil or criminal in nature. <u>See United States v. Williams</u>, 132 F.3d 1055, 1061 (5th Cir. 1998) (finding that forfeiture under 8 U.S.C. § 1324(b) is not punitive, and, therefore, does not violate the Double Jeopardy Clause because, among other reasons, "the burden of proof lies with the claimant"); <u>United States v. Certain Funds Contained in Account Nos. 600-306211-006, 600-306211-011 & 600-306211-014 Located at the Hong Kong & Shanghai Banking Corp.</u>, 96 F.3d 20, 26-27 (2d Cir. 1996) (noting that forfeiture proceedings under 21 U.S.C. § 881 and 18 U.S.C. § 981 were intended to be civil because, among other things, "civil action burdens of proof are employed in civil forfeitures, as opposed to the more onerous criminal burdens of proof

8

panel in <u>United States v. Holland</u>, No. 99-6823 (4th Cir. June 15, 2000), have no difficulty concluding that a Hyde Amendment action is civil in nature. We, therefore, conclude that Bunn timely filed his notice of appeal.

III.

Having concluded that Bunn timely filed his notice of appeal, we next consider whether the district court erred in concluding that the prosecutor's pursuit of contempt charges against Bunn was not vexatious, frivolous, or in bad faith. We review the district court's decision under the Hyde Amendment for abuse of discretion. <u>See United States v. Gilbert</u>, 198 F.3d 1293, 1298 (11th Cir. 1999).

For Bunn to prevail under the Hyde Amendment, he must show that he is a prevailing party, and that the Government's position was vexatious, frivolous, or in bad faith.**8** <u>See id.</u> In addition, the Hyde Amendment bars recovery where "special circumstances . . . make such an award unjust." <u>United States v. Pritt</u> , 77 F. Supp.2d 743, 747 (S.D. W. Va. 1999). The burden of establishing these elements is on the claimant. <u>See id.</u>

By its plain language, vexatious means "`without reasonable or probable cause or excuse.'" <u>Gilbert</u>, 198 F.3d at 1298-99 (quoting

_____

used in criminal actions"); <u>cf. United States v. Santoro</u>, 866 F.2d 1538, 1543-44 (4th Cir. 1989) (concluding that forfeiture under 21 U.S.C. § 881 is civil and stating that the shifting of the burden of proof to the claimant under § 881 does not violate due process because "Congress may alter the burden of proof in a civil proceeding as it sees fit, without constitutional implications").

**8** The Hyde Amendment requires a claimant to prove that: (1) the case was pending on or after the enactment of the Hyde Amendment; (2) the case was a criminal case; (3) he was not represented by assigned counsel paid for by the public; (4) he was a prevailing party; (5) the prosecution was vexatious, frivolous, or in bad faith; (6) the attorney's fees were reasonable; and (7) no special circumstances exist that would make an award unjust. <u>See United States v. Pritt</u>, 77 F. Supp.2d 743, 747 (S.D. W. Va. 1999). Most of these elements are not at issue in the present appeal.

Black's Law Dictionary 1559 (7th ed. 1999)). A frivolous action is "`groundless . . . with little prospect of success; often brought to embarrass or annoy the defendant.'" Id. (quoting Black's Law Dictionary 668 (6th Ed. 1990)). And, bad faith "`is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; . .. it contemplates a state of mind affirmatively operating with furtive design or ill will.'" Id. (quoting Black's Law Dictionary 139 (6th ed. 1990)). To prevail under the Hyde Amendment, "a lot more is required . . . than a showing that the defendant prevailed at the pre-trial, trial, or appellate stages of the prosecution." Id. "Unsupported assertions in a brief cannot substitute for evidence in the record." Id. at 1305 (internal quotation marks omitted); see also Pritt, 77 F. Supp.2d at 748. Consequently, the Hyde Amendment "places a daunting obstacle before defendants who seek to obtain attorney fees and costs from the government following a successful defense of criminal charges." Gilbert, 198 F.3d at 1302-03.

Bunn argues that the Government's position was vexatious, frivolous, and in bad faith. As evidence of the Government's misconduct, Bunn points to several facts that he believes raise an inference of ill-intent: that Bunn had previously and continuously challenged Stein's right to practice law in West Virginia; that Stein failed to check the back-up tape before seeking charges against Bunn; that Stein "permitt[ed] the court reporter to testify erroneously and also to place the inaccurate and erroneous statements in the official transcript of the court proceedings," (Appellant's Br. at 8); that Stein "orchestrated" Bunn's arrest in the presence of grand jury members who were seated in the courtroom as spectators during the hearing; and that the Government failed to produce a copy of the tape even though Bunn requested it in discovery.

Applying the standards articulated above, we have no difficulty concluding that the district court did not abuse its discretion in deciding that the Government's prosecution of Bunn was not vexatious, frivolous, or in bad faith. Although Stein could have, and perhaps should have, done more to investigate before bringing charges against Bunn, Bunn offers no evidence that Stein's or the Government's alleged omissions were the product of ill-intent, as he contends, rather than simple negligence or lack of judgment. He has also failed to

10

show that the Government lacked a reasonable basis for its prosecution. The district court, which had the ability to assess the credibility of the various witnesses, found that Stein's actions and the circumstances underlying those actions did not compel the inference that the Government acted vexatiously, frivolously, or in bad faith. The record supports this conclusion. The court reporter testified unequivocally that Bunn's statement was "I have legal paperwork on all of you. You need to go get legal counsel." (J.A. at 40.) The grand jury foreman confirmed the court reporter's version of events. **9** Thus, the Government had a reasonable basis from which to believe that Bunn had actually threatened the grand jury. Bunn's unsupported allegations, standing alone, are not enough to sustain his burden or show that the district court abused its discretion. See Gilbert, 198 F.3d at 1303 (stating that "the defendant must show that the government's legal position was either asserted in bad faith or without any foundation or basis for belief that it might prevail"). We, therefore, affirm the district court's denial of Bunn's application for attorney's fees and expenses under the Hyde Amendment.**10**

_____

**9** Bunn argues that Stein acted improperly by permitting the court reporter to testify inaccurately about Bunn's statement and allowing members of the grand jury to be present during the hearing. Bunn does not explain, however, how, absent a broad-ranging conspiracy for which there is no evidence, Stein should be held responsible for the independent actions of the court reporter and the grand jury members. The district court permitted the grand jurors to remain in the courtroom. Bunn's counsel did not object to their presence, and, indeed, conceded that "[t]hey have a right to be here as spectators." (J.A. at 27-28.) Stein has represented in a sworn affidavit that it was "not[his] idea that grand jurors attend the contempt motion hearing." (J.A. at 131.)

**10** The Government also argues that Bunn is not a prevailing party because it dismissed its case without prejudice. In addition, the Government argues that even if Bunn has shown that the Government's position was vexatious, frivolous, or in bad faith, special circumstances existed that would make an award unjust. In light of our conclusion that the district court did not abuse its discretion in deciding that the Government's position was not vexatious, frivolous, or in bad faith, we do not address whether Bunn is a prevailing party or whether special circumstances existed.

11

IV.

In conclusion, an appeal from the district court's denial of a Hyde Amendment claim is civil in nature, and, therefore, is subject to the sixty-day time limit for filing a notice of appeal. Because Bunn filed his notice of appeal within sixty days of the district court's order, he timely filed his notice of appeal.

Bunn has failed to show that the district court abused its discretion in denying his application for attorney's fees and costs under the Hyde Amendment because he has failed to show that the Government's acts and omissions, to the extent that they were improper, were the product of anything other than mere negligence, or that the contempt action was baseless. Consequently, Bunn has failed to show that the Government's prosecution was vexatious, frivolous, or in bad faith. We therefore affirm the judgment of the district court.

AFFIRMED