DIANA GRIBBON MOTZ, Circuit Judge,
concurring in the judgment:
The Hyde Amendment authorizes an award of attorney’s fees “in any criminal case.” Based on this language, and on the reasoning of our sister circuit in United States v. Robbins, 179 F.3d 1268, 1270 (10th Cir.1999), I would hold, if left to write on a clean slate, that an award of fees under the Hyde Amendment is part of the underlying criminal matter and therefore subject to the time limits for appeal applicable to criminal cases.
I believe that both substantive and practical considerations would support such a holding.
Because a decision to award or deny fees under the Hyde Amendment represents a close assessment of the merits (or meritlessness) of a criminal prosecution, that decision is quite close, in its substance, to the culpability determination itself. Cf United States v. Larin, 942 F.2d 177, 182 (3d Cir.1991) (noting that action by third-party to recover property subject to criminal forfeiture, deemed to be “civil” in nature, “will have absolutely no effect on ... the criminal defendant”). A district judge other than the one who presided over the trial would be, for this reason, at a distinct disadvantage in ruling on a motion for fees. This substantive congruity between the underlying culpability determination and the decision on a Hyde Amendment application cuts in favor of viewing the two as being subject to the same set of procedural rules.
Furthermore, a decision on a Hyde Amendment application will typically come *528 at the close of a case, at the same time that other matters clearly subject to the criminal rules, such as a decision by the district judge to dismiss an indictment, also come up for appeal. It would make practical sense to view all appeals arising at this time, at the immediate close of the case, as subject to the same set of procedural rules.
The majority correctly demonstrates, however, that other courts, when faced with the choice of whether to designate a matter civil or criminal, have construed “civil” broadly and “criminal” restrictively. See 20 James Wm. Moore et al., Moore’s Federal Practice, § 304.10 (3d ed. 1999) (“The term ‘civil,’ although not defined in Appellate Rule 4, has been broadly construed to cover all cases that are not criminal prosecutions.”). Although in making such a designation, those courts did not face a proceeding both so substantively and temporally close to the underlying criminal proceeding as a Hyde Amendment application, they have been reluctant to view anything beyond the prosecution itself as “criminal” in nature, recognizing only limited exceptions. See 20 id. § 304.20 (noting that courts have treated as “criminal” motions to quash a grand jury subpoena, motions for a correction or reduction of sentence, and motions for a new trial in a criminal case; also recognizing a circuit split in the treatment of co-ram nobis petitions). This reluctance to regard a matter as a “criminal” action counsels caution here. Further, the Hyde Amendment specifically incorporates by reference the “procedures” of the Equal Access to Justice Act, which regulates fees in a civil context, suggesting that a Hyde Amendment application, too, should be viewed as “civil.” For these reasons, I cannot conclude that my good colleagues are incorrect in their holding.
Accordingly, I concur in the judgment.