UNITED STATES of America,
Appellee,

v.

Shelton WADE, et al., Appellants.

No. 00–3058.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 9, 2001.

Decided July 3, 2001.

Andrew P. McGuire argued the cause for the appellants.

John R. Fisher, Assistant United States Attorney, argued the cause for the appellee. Wilma A. Lewis, United States Attorney at the time the brief was filed, and Elana Tyrangiel, Assistant United States Attorney, were on brief for the appellee. Mary-Patrice Brown, Assistant United States Attorney, entered an appearance.

Before: SENTELLE and HENDERSON, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

Opinion for the court filed by Circuit Judge KAREN LeCRAFT HENDERSON.

KAREN LeCRAFT HENDERSON, Circuit Judge:

Sheila Gant, Shelton Wade, Angel Wade, Jean Wade and Dorothy Wade appeal the district court order denying their petition for attorney's fees under either the Equal Access to Justice Act, 28 U.S.C.A. § 2412(d) (EAJA), or the Hyde Amendment to the Departments of Commerce, Justice and State, the Judiciary and Related Agencies Appropriations Act of 1998, Pub.L. No. 105–119, § 617, 111 Stat. 2440, 2519 (1997), 18 U.S.C.A. § 3006A, historical and statutory notes (Hyde Amendment). We conclude that the EAJA does not apply to the appellants who are intervenors in a criminal abatement proceeding and that the appellants have failed to demonstrate an entitlement to fees under the Hyde Amendment. Accordingly, we affirm the district court.

I.

On May 28, 1997 Charles Wade and his brother Eugene Wade pleaded guilty to a three-count information alleging, *inter alia,* the maintenance of a disorderly house in the District of Columbia in violation of D.C.Code § 22–2722. *See United States v.*

*Wade,* 152 F.3d 969, 970 (D.C.Cir.1998) (recounting facts giving rise to this case). According to the government, the Wades sold drugs from and near a residence at 647 G Street, S.E., in the District. Although Charles and Eugene did not reside at that address, their parents and various other family members lived there at the time. Based on the pleas, the district court entered an order of abatement against 647 G Street. *See* D.C.Code § 22–2717 (requiring abatement of nuisance in certain circumstances). The order directed the United States Marshal to close the house for one year.

The appellants, who either resided at or had an interest in 647 G Street, intervened seeking reconsideration of the order. The court permitted the appellants to intervene but refused to reconsider its decision, holding that an order of abatement is a mandatory sanction upon conviction of keeping a disorderly house under section 2722. *See United States v. Wade,* 992 F.Supp. 6, 10–11, 13 (D.D.C.1997).

Charles and Eugene, joined by the appellants, appealed to this court. We vacated the abatement order reasoning that, "if confronted with this question, the D.C. Court of Appeals would hold that conviction for keeping a disorderly house under section 2722 will require an abatement order pursuant to section 2717 only if that house was used, at least in part" for "the purpose of lewdness, assignation, or prostitution." *Wade,* 152 F.3d at 972–73. The government failed to establish in the district court that the house was used for such purposes. *See id.*

Subsequently, the appellants petitioned this court for the payment of attorney's fees and litigation costs under the EAJA. We denied the petition "without prejudice to renewal of the matter before the district court." *United States v. Wade,* 152 F.3d 969 (D.C.Cir.1998). The appellants then filed a fee petition with the district court but their request was denied. *See United States v. Wade,* 93 F.Supp.2d 19 (D.D.C. 2000). This appeal followed.

II.

We are asked to decide whether the appellants—intervenors in a criminal proceeding who successfully challenged an abatement order entered as part of a criminal sentence—may recover from the United States attorney's fees arising from their challenge of the abatement order. To reach a decision, we must consider three questions: (1) whether we have jurisdiction to hear this appeal, (2) whether the appellants' claim here is subject to the EAJA or the Hyde Amendment and (3) whether the district court correctly applied the appropriate legal framework. Because resolution of the jurisdictional dispute depends on the disposition of the statutory issue,[1] we consider first the statutory question. We then turn to jurisdiction and finally address the merits.

A. Applicability of the EAJA and the Hyde Amendment

In the United States, under what is known as the "American Rule," each party to a lawsuit usually bears its own attorney's fees "unless there is express statutory authorization to the contrary." *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (citing

---

1. If the appellants' fee petition is governed by the EAJA, the proceeding to recover the fee is a civil action and appeal from an order denying the fee must be taken within 60 days from entry of the order. *See infra* at 7–8. Alternatively, if the fee petition is governed by the Hyde Amendment, we must decide whether a proceeding instituted to recover the fee is civil or criminal and whether Rule 4(a) or Rule 4(b) of the Federal Rules of Appellate Procedure applies to it.

*Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). *See generally In re Turner,* 14 F.3d 637, 640 (D.C.Cir.1994) (per curiam) (discussing attorney's fees and sovereign immunity). Even if a fee award is otherwise authorized, sovereign immunity protects the United States from attorney's fees liability "except to the extent it has waived its immunity." *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983) (citing *Alyeska Pipeline,* 421 U.S. at 267–268 & n. 42, 95 S.Ct. 1612). Any waiver of immunity, however, "must be 'construed strictly in favor of the sovereign,'" *Sierra Club,* 463 U.S. at 685, 103 S.Ct. 3274 (quoting *McMahon v. United States,* 342 U.S. 25, 27, 72 S.Ct. 17, 96 L.Ed. 26 (1951)), and the court "may not find a waiver unless Congress' intent is ' "unequivocally expressed" ' in the relevant statute." *Hubbard v. EPA,* 982 F.2d 531, 532 (D.C.Cir. 1992) (quoting *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969))).

■ Of relevance here, the Congress has elected to waive sovereign immunity for attorney's fees in two circumstances: under the EAJA and under the Hyde Amendment. The two statutes respectively provide:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party *in any civil action* (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

EAJA, 28 U.S.C.A. § 2412(d)(1)(A) (emphasis added).

> During fiscal year 1998 and in any fiscal year thereafter, the court, *in any criminal case* (other than a case in which the defendant is represented by assigned counsel paid for by the public) pending on or after the date of the enactment of this Act [Nov. 26, 1997], may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust.

Hyde Amendment, 18 U.S.C.A. § 3006A, historical and statutory notes.

The appellants contend the district court erred in concluding their fee petition is governed by the Hyde Amendment rather than the EAJA. We are not persuaded. The EAJA by its terms authorizes the award of attorney's fees to a prevailing party "in any civil action." The statute does not define a "civil action" but, however else that phrase may be defined, "one definition that is always correct is that civil actions are those that are not criminal." *United States v. Soueiti,* 154 F.3d 1018, 1019 (9th Cir.1998) (citing Black's Law Dictionary 245 (6th ed. 1990); Ballentine's Law Dictionary 202 (3d ed. 1969)). Here, the action against Charles and Eugene Wade was plainly criminal. The proceeding was instituted in order to "punish an infraction of the criminal laws." *See* Black's Law Dictionary 372 (6th ed. 1990). They were charged with a crime, brought to court, found guilty based on their pleas and sentenced. *See* Black's Law Dictionary 372 (defining criminal action as "[p]roceeding by which person charged

with a crime is brought to trial and either found not guilty or guilty and sentenced"). The appellants intervened in the proceeding before the district court to challenge part of Charles's and Eugene's sentence. Their intervention did not change the nature of that proceeding. It was and remained criminal. Because the appellants were party to a criminal action and because the EAJA applies only to civil actions, they cannot recover under the EAJA. Rather, their fee petition is governed by the Hyde Amendment.

The appellants point to cases that treat criminal forfeiture proceedings as civil actions under EAJA. *See* Brief of Appellants at 10–11 (citing cases). They contend a similar conclusion is warranted with regard to an abatement order. We do not agree. A third party asserting an interest in a forfeiture proceeding is "expressly barred by 21 U.S.C. § 853(k)(2) from 'commenc[ing] an action at law or equity against the United States concerning the validity of [its] alleged interest in the property.'" *United States v. Douglas*, 55 F.3d 584, 586 (11th Cir.1995) (quoting 21 U.S.C. § 853(k)(2)); *accord United States v. Gilbert*, 244 F.3d 888, 907 (11th Cir.2001). A third party's only avenue for protecting his interest is the procedure set forth in 18 U.S.C. § 853(n), which provides that "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section" may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." In establishing this statutory system, "Congress intended that third-party petitions ancillary to a criminal forfeiture take the place of civil cases, and that such a procedure would enable innocent parties to adjudicate their property interests swiftly instead of having to file separate civil suits." *Gilbert*, 244 F.3d at 907 (describing conclusion of *Douglas* court); *see also* H.R.Rep. No. 98–1030, at 206–07

(1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3389–90 ("[O]nce the indictment or information is filed, a third party is not to commence a civil suit against the United States; instead the third party should avail himself of the ancillary hearing procedure.... This provision assures a more orderly disposition of both the criminal case and third party claims. Indeed, it is anticipated that the new hearing procedure should provide for more expedited consideration of third party claims than would the filing of separate civil suits."). It is for these reasons that courts have treated a third-party proceeding ancillary to a criminal forfeiture prosecution as a civil action under the EAJA. But these reasons do not apply to the appellants' intervention. The appellants were not prohibited by statute or otherwise from bringing a civil action against the government in order to protect their interest in the property subject to the abatement order. Had they done so, they would have been eligible to recover their attorney's fees under the EAJA. But that is not what they did. They chose instead to intervene in a criminal action. And their choice forecloses their fee request under EAJA.

## B. The Timeliness of the Appeal

■ Having determined the appellants' petition for fees is governed by the Hyde Amendment, we turn next to the question of jurisdiction. The district court's order denying the appellants' petition was issued on March 24, 2000. It was not entered on the district court docket until April 12, 2000, *see* Appendix 14, and the appellants assert they did not receive notice of the decision until May 23, 2000. *See* Brief of Appellants at 5. On that same day, or 41 days after the entry of the order, the appellants filed their notice of appeal.

The government maintains that, because the appellants failed to file their notice of

appeal within 10 days after the entry of the order, as required by Rule 4(b) of the Federal Rules of Appellate Procedure,[2] the appeal is untimely and we are without jurisdiction to consider it. *See United States v. Feuver*, 236 F.3d 725, 727 (D.C.Cir.2001) ("It is well settled that the time limits set out in [Rule 4] are 'mandatory and jurisdictional.'" (quoting *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978))). The appellants counter that Rule 4(b) is not applicable here and that the appeal is timely under the 60–day limit set forth in Rule 4(a).[3]

Rule 4(a) provides that, in a civil case, the notice of appeal must be filed within 30 days after the order appealed from is entered. *See* Fed. R.App. P. 4(a)(1)(A). The time period is extended to 60 days when the United States is a party. *See id.* 4(a)(1)(B). Rule 4(b), on the other hand, requires that a defendant's notice of appeal in a criminal case be filed within 10 days of the entry of the order being appealed. *See id.* 4(b)(1)(A). In order to resolve this case, we must determine whether a petition for attorney's fees filed by a successful intervenor in a criminal abatement proceeding is a "civil case" or a "criminal case" under the Federal Rules of Appellate Procedure. The language of the

Hyde Amendment is silent on this point but we find two decisions, one from the Fourth Circuit and one from Fifth Circuit, instructive on this issue.

In *United States v. Truesdale*, 211 F.3d 898, 902–04 (5th Cir.2000), the Fifth Circuit held that Rule 4(a) rather than Rule 4(b) governs an appeal made by a criminal defendant in a Hyde Amendment proceeding. The court gave two grounds for its holding. First, it noted that a petition under the Hyde Amendment is the equivalent of a petition under the EAJA designed to redress the government's violation of certain notions of fair play in litigation. The court saw no reason why the time for filing a notice of appeal in actions addressing the same problem should vary based on the nature of the underlying action.[4] Second, the court expressed concern that adopting the position advocated by the government—that a Hyde Amendment proceeding is a criminal proceeding— would mean the government itself would be unable to appeal a district court order granting Hyde Amendment fees because the government may not pursue an appeal in a criminal case unless authorized by statute. The court could find no statute permitting the government to appeal in a Hyde Amendment proceeding and, therefore, thought it best to apply Rule 4(a) to a

---

**2.** Rule 4(b) provides:
(A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:
(i) the entry of either the judgment or the order being appealed; or
(ii) the filing of the government's notice of appeal.
Fed. R.App. P. 4(b)(1)(A).

**3.** Rule 4(a)(1) provides:
(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.

(B) When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered.
Fed. R.App. P. 4(a)(1).

**4.** The court also observed that generally Hyde Amendment proceedings are governed by the same procedures as EAJA proceedings (except for the burden of proof) and, because the timeliness of a notice of appeal for EAJA proceedings is governed by Rule 4(a), the rule for Hyde Amendment proceedings should be the same.

Hyde Amendment appeal in order to give both parties an opportunity to obtain appellate review.

The issue of the timeliness of appeal in a Hyde Amendment proceeding was before the Fourth Circuit in *In re 1997 Grand Jury*, 215 F.3d 430, 433–36 (4th Cir.2000). Concluding that such a proceeding is a civil action, the court held that a notice of appeal must comply with Rule 4(a) rather than Rule 4(b). The court analogized the fee petition to a Rule 41(e) action to recover property, pointing out that "the action is simply a means to determine a claimant's rights arising from criminal proceedings" and "not a part of the trial and punishment process that is criminal law." *See id.* at 435 (citations and internal quotation marks omitted). The court also found it "notable that the burden of proof in a Hyde Amendment action is on the claimant, rather than the Government" and commented that as a general rule the burden is on the claimant only in civil cases. *Id.* at 436 n. 7 (citations omitted).

We agree with the Fourth and Fifth Circuit decisions[5] and conclude that the appeal of an intervenor's fee petition under the Hyde Amendment is subject to the time limitations set out in Rule 4(a). Ac-

cordingly, the appellants' notice of appeal was timely and we have jurisdiction to hear the appeal.

## C. The Merits

Now that we finally come to the merits of the appellants' case, we find there is nothing left to decide. Whether because of their belief that the fee petition was governed by the EAJA or their realization that, under these facts, they could not carry the Hyde Amendment's heavy burden,[6] the appellants directed all their arguments to showing that before the district court the government failed to carry its burden of proving that its position was substantially justified. The appellants, however, failed to argue that the district court abused its discretion in denying their petition under the Hyde Amendment. Their omission is not lost on the government which argues that any allegations of error on this issue are abandoned. We agree and therefore leave undisturbed the district court's decision on this issue. *See Feuver*, 236 F.3d at 727 n. 3 (issues not briefed are abandoned) (citing *Terry v. Reno*, 101 F.3d 1412, 1415 (D.C.Cir.1996), *cert. denied*, 520 U.S. 1264, 117 S.Ct. 2431, 138 L.Ed.2d 193 (1997)).[7]

---

5. The Tenth Circuit's contrary decision on this point lacks any persuasive power as the decision provides little analysis. *See United States v. Robbins*, 179 F.3d 1268, 1270 (10th Cir.1999).

6. Unlike an EAJA action where the burden is on the government to establish that its position was substantially justified, *see Air Transp. Ass'n of Canada v. FAA*, 156 F.3d 1329, 1332 (D.C.Cir.1998) (citing *Cinciarelli v. Reagan*, 729 F.2d 801, 806 (D.C.Cir.1984)), in a Hyde Amendment proceeding the burden of persuasion rests with the claimant who must convince the court that the government's position was "vexatious, frivolous, or in bad faith." 18 U.S.C.A. § 3006A, historical and statutory notes; *see id.* (Hyde Amendment awards "shall be granted pursuant to the procedures and limitations (but not the burden of proof)

provided for an award under [EAJA]."); *see also, e.g., United States v. True*, 250 F.3d 410, 419 (6th Cir.2001) ("[T]he Hyde Amendment explicitly does not adopt the EAJA burden of proof. Instead, it requires the applicant to prove that the government's position was 'vexatious, frivolous, or in bad faith.'" (citations omitted)); *United States v. Lindberg*, 220 F.3d 1120, 1124 (9th Cir.2000) (same); *In re 1997 Grand Jury*, 215 F.3d at 436 (same); *Truesdale*, 211 F.3d at 908–09 (same); *United States v. Gilbert*, 198 F.3d 1293, 1302 (11th Cir.1999) (same).

7. Because of our disposition, we need not decide whether the district court was correct in concluding the appellants were not "prevailing parties" under the Hyde Amendment. In light of our disposition, the appellants'

Accordingly, the district court's denial of the appellants' petition for attorney's fees is

*Affirmed.*

motion for attorney's fees for prosecuting this appeal is denied.