**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-5172**

───────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

    v.

DANIEL CHARLES GERARD TURNO,

            Defendant – Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Aiken. Margaret B. Seymour, District Judge. (1:10-cr-00004-MBS-1)

───────────

Submitted: June 6, 2011          Decided: July 13, 2011

───────────

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Eric Wm. Ruschky, John A. O'Leary, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Nathan S. Williams, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury acquitted Daniel Charles Gerard Turno of making a false statement in a loan application, in violation of 18 U.S.C.A. § 1014 (West Supp. 2011). Turno applied to the district court for attorney's fees and other litigation expenses, pursuant to the Hyde Amendment, 18 U.S.C.A. § 3006A (West 2000 & Supp. 2011). The district court denied Turno's motion and Turno now appeals.

The burden of proof in a Hyde Amendment action is on the claimant, rather than the Government. In re 1997 Grand Jury, 215 F.3d 430, 435 n.7 (4th Cir. 2000). We review a district court's decision under the Hyde Amendment for abuse of discretion. Id. at 436. For Turno to prevail, he must show that the Government's position was vexatious, frivolous, or in bad faith.[*]

Our review of the record does not show that the Government's position was vexatious, frivolous, or made in bad faith. Accordingly, we conclude that the district court did not

---

[*] The Hyde Amendment also requires a claimant to prove: "(1) the case was pending on or after the enactment of the Hyde Amendment; (2) the case was a criminal case; (3) he was not represented by assigned counsel paid for by the public; (4) he was a prevailing party; (5) . . . the attorney's fees were reasonable; and [(6)] no special circumstances exist that would make an award unjust." In re 1997 Grand Jury, 215 F.3d at 436 n.8 (internal quotation marks omitted). None of these additional factors are at issue in the present case.

2

abuse its discretion in denying Turno's motion for attorney's fees and other litigation expenses. We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED