11-3744-cr
United States v. Barone

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand thirteen.

PRESENT:
> CHESTER J. STRAUB,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                    11-3744-cr

JOSEPH S. BARONE,

> *Defendant-Appellant*.

_____

**FOR APPELLANT:**        Joseph S. Barone, *pro se*, New Rochelle, New York.

**FOR APPELLEES:**        Chi T. Steve Kwok, John T. Zach, and Jennifer G. Rodgers, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Joseph S. Barone, proceeding *pro se*, appeals from the denial of his motion for attorney's fees and expenses, brought pursuant to the Hyde Amendment, Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A, historical and statutory notes). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

This Court has not yet considered what standard of review applies to a district court's denial of a defendant's request for attorney's fees under the Hyde Amendment. All of our sister circuits that have addressed the issue have reviewed the district court's determination whether to award fees for abuse of discretion. *See United States v. Lain*, 640 F.3d 1134, 1137 (10th Cir. 2011); *United States v. Beeks*, 266 F.3d 880, 883 (8th Cir. 2001) (per curiam); *United States v. Knott*, 256 F.3d 20, 36 (1st Cir. 2001); *United States v. Wade*, 255 F.3d 833, 839 (D.C. Cir. 2001); *United States v. True*, 250 F.3d 410, 421-22 (6th Cir. 2001); *United States v. Lindberg*, 220 F.3d 1120, 1123-24 (9th Cir. 2000); *In re 1997 Grand Jury*, 215 F.3d 430, 436 (4th Cir. 2000); *United States v. Truesdale*, 211 F.3d 898, 905 (5th Cir. 2000); *United States v. Gilbert*, 198 F.3d 1293, 1298 (11th Cir. 1999). Under the abuse of discretion standard, this Court's review is "highly deferential," *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 121 (2d Cir. 2001) (internal quotation marks omitted), because "the district court . . . is intimately familiar with the

2

nuances of the case, [and thus] is in a far better position to make [such] decisions," *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 48 (2d Cir. 2000) (second alteration in original); *see also Lindberg*, 220 F.3d at 1124 ("A district court hears the evidence from the beginning and is in a better position than [an appellate court] to distinguish between a good faith prosecution that is thin on evidence and a prosecution that is so lacking in support it can only be vexatious, frivolous, or in bad faith."). A district court's factual findings, "including those based on documentary evidence and inferences drawn from other facts," are reviewed for clear error, and may only be reversed when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006) (internal quotation marks omitted). In the case before us, we need not determine the applicable standard of review because the judgment below may be affirmed under either an abuse of discretion standard or the more exacting *de novo* standard.

The Hyde Amendment was enacted as part of the Commerce, Justice and State, the Judiciary, and Related Agencies Appropriations act of 1998. *See United States v. Schneider*, 395 F.3d 78, 85 (2d Cir. 2005). It provides that a court may award a "reasonable attorney's fee and other litigation expenses" to a defendant who prevails in a criminal case "where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust." *Id.* at 85-86 (quoting Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519). "An acquittal, without more, will not lead to a successful Hyde Amendment claim, as it was Congress's intent to limit Hyde Amendment awards to cases of affirmative prosecutorial misconduct rather than simply any prosecution which failed." *Id.* at 88 (internal quotation marks omitted).

3

Here, the district court did not err as a matter of law by denying Barone's motion for attorney's fees and expenses. Although this Court has never "parse[d] the precise meaning" of the terms "vexatious," "frivolous," or "bad faith," *see id.* at 86, we need not do so here because this case "clearly falls short of the type of abusive prosecutorial conduct that would trigger Hyde Amendment liability." *Id.* Barone argues that his long-standing status as an FBI confidential informant, coupled with the fact that all three charges filed against him resulted in either dismissal or acquittal, entitles him to attorney's fees under the Hyde Amendment. Without embarking on an analysis of the statutory language, it is clear that the plain language of the Hyde Amendment requires more. "[W]here the government has solid evidence of guilt and there is no evidence of significant dishonest or abusive conduct on the government's part, [the government's position] is not vexatious, frivolous, or in bad faith within the meaning of the Hyde Amendment." *Id.* at 90 (internal quotation marks omitted).

We have considered all of Barone's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4