**UNITED STATES of America, Plaintiff,**

v.

**Joseph TROISI, Defendant.**

**Criminal No. 1:97–CR–38.**

United States District Court,
N.D. West Virginia.

July 30, 1998.

William D. Wilmoth, United States Attorney for the Northern District of West Virginia, Paul T. Camiletti, Wheeling, WV, Assistant United States Attorney Counsel for the United States of America, for Plaintiff.

Harry Dietzler, Hill, Peterson, Carper, Bee & Dietzler, Charleston, WV, for Defendant.

*MEMORANDUM OPINION AND ORDER*

KEELEY, District Judge.

## I.  *INTRODUCTION*

Pursuant to Title VI, Section 617, of Public Law 105–119, 111 Stat. 2519 (1997), this matter is before the Court on the motion of defendant Joseph Troisi ("Troisi") to recover the attorney's fee and costs associated with his defense in this criminal case.  After reviewing Troisi's motion and the Government's response, the Court DENIES the motion.

## II.  *FACTUAL BACKGROUND*

On June 26, 1997, Joseph Troisi, while sitting as a judge in the Circuit Court of Pleasants County, West Virginia, physically abused William Witten, a criminal defendant appearing before him in open court.  Thereafter, on October 23, 1997 Troisi entered a plea of *nolo contendere* to the charge of · battery in the Circuit Court of Pleasants County, West Virginia.

On October 9,1997, a grand jury in the Northern District of West Virginia indicted Troisi for a violation of Title 18, U.S.C. § 242 (1997), charging him with violating Witten's civil rights.  Troisi was arraigned on February 26, 1998 and acquitted by a jury of the charge, after a two-day trial, on May 6, 1998.

On June 4, 1998, pursuant to the so-called Hyde Amendment, found at Title VI, Section 617 of Public Law 105–199, 111 Stat. 2519, Troisi filed a motion to recover his attorney's fee and also the costs associated with his defense.  The Hyde Amendment states in relevant part:

> During fiscal year 1998 and in any fiscal year thereafter, the court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) pending on or after the date of enactment of this act, may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special

circumstances make such an award unjust. Such award shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code.

In his motion, Troisi argues that his prosecution was vexatious and brought in bad faith in contravention of the Department of Justice's dual prosecution policy. He also makes the point that the Hyde Amendment is a "legislative mandate for increased judicial involvement in the oversight of the Justice Department."

In its response, the United States asserts that the authorization by the Justice Department's Civil Rights Division of Troisi's prosecution was a legitimate exercise of prosecutorial discretion that did not violate the Department's dual prosecution policy or the provisions of the Hyde Amendment.

## III. *DISCUSSION*

Troisi's contention that the United States prosecuted him in bad faith and engaged in vexatious conduct requires a careful examination of the purpose of, and legislative history behind, the Hyde Amendment. As already noted, this amendment allows for reimbursement of legal fees to defendants who are the victims of wrongful federal prosecutions. Applicable to criminal cases pending on or after November 26, 1997, it permits a court to award an attorney's fee and other litigation expenses to the prevailing party in a criminal case if it finds that "the position of the United States was vexatious, frivolous, or in bad faith," unless such an award would be "unjust". Title VI, Section 617 of Public Law 105–199, 111 Stat. 2519.

Because of its recent enactment, there is not yet any case law interpreting the Hyde Amendment. However, in the course of enacting this legislation, Congress developed an extensive legislative record.

### A. *The Hyde Amendment and The Equal Access to Justice Act*

The original version of the Hyde Amendment was based upon the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (1996), and, according to Congressman Henry J. Hyde, Chairman of the House Judiciary Committee, "[it] takes the concepts in the Equal Access to Justice Act and applies them in the criminal context." *Comments, Questions, and Answers on the Hyde Amendment,* 105th Cong., 2nd Sess. (1997).

Available since 1980, the EAJA acts to reduce the financial burden on private parties who prevail against the United States in agency adversary adjudications or non-tort civil actions by authorizing the award of attorney's fees. 28 U.S.C. § 2412 (1996). Although the Hyde Amendment is grounded in the "procedures and limitations" of the EAJA, it places the burden on the defendant to demonstrate that a prosecution was vexatious, frivolous, or brought in bad faith. Because the implications of the law are still uncertain, it remains for the Court to decide what type of prosecutorial misconduct rises to the level of "vexatious, frivolous, or bad faith." *Comments, Questions, and Answers on the Hyde Amendment,* 15th Cong., 2nd Sess. (1997).

In other cases, the Supreme Court previously has established that, in the law enforcement context, "bad faith" includes a "reckless disregard for the truth." *See Franks v. Delaware,* 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Moreover, it is the duty of a prosecutor to know about and disclose evidence favorable to a person accused. *Kyles v. Whitley,* 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

The Hyde Amendment, additionally, is aimed at situations in which the prosecution was "not just wrong," but "willfully wrong ... frivolously wrong. They keep information from you that the law says they must disclose .... They suborn perjury." *House Backs Measures Exposing Government to Attorneys' fee Award in Criminal Cases,* 82 Crim. L. Rep. 1019 (Oct. 12, 1997)(comment of Henry J. Hyde).

### B. *Substantial Justification*

The obvious intent of the Amendment, thus, is to protect citizens from the devastating effect of an abusive or unjustified prosecution. *Comments, Questions, and Answers*

on the Hyde Amendment, 105th Cong., 2nd Sess. (1997)(statement of Henry Hyde). It only permits reimbursement of legal fees in cases where the federal government was not "substantially justified" in bringing the case. *Id.*

Under the EAJA, "substantially justified" means to be justified in substance or in the main, not just to a high degree. *Pierce v. Underwood,* 487 U.S. 552, 564, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). A court is to look to whether the Government's action was justified to a degree that could satisfy a reasonable person, and whether a reasonable basis in both law and fact existed. *Id.* at 564, 108 S.Ct. 2541. *See also Roanoke River Basin Association v. Hudson,* 991 F.2d 132, 135 (4th Cir.1993).

Thus, to grant an award of attorney's fees to Joseph Troisi in this case, the Court must find that the Government was not substantially justified in prosecuting the case against him.

## IV. *ANALYSIS*

After reviewing the entire record, the Court is of the opinion that Troisi has failed to meet his burden of establishing that the position of the United States in prosecuting him was vexatious, frivolous, or in bad faith. Although he was the prevailing party at trial, as noted earlier, this acquittal alone does not automatically entitle him to compensation under the statutory scheme. The Court is required to look beyond the fact that the defendant prevailed, and determine whether the Government acted reasonably in its decision to prosecute.

Despite Troisi's argument that the United States ignored the dual prosecution policy of the Department of Justice, there is no evidence of that fact. The Government asserts that, in fact, it complied with the policy and that the Assistant Attorney General of the Civil Rights Division authorized a dual prosecution in this matter. Since Troisi points to no such evidence, and the Court finds none, he cannot prevail in his argument that the United States ignored the Justice Department's dual prosecution policy.

Moreover, the evidence presented at trial established that the events alleged in the indictment occurred. In point of fact, Troisi acknowledged as much in his testimony; his defense was predicated on the question of his intent at the time he committed the abuse against Witten. That is quintessentially a fact question on which the Court ruled that there was sufficient disputed evidence to carry the issue to the jury.

## V. *CONCLUSION*

Based on the foregoing, the Court concludes that the position of the United States in prosecuting Troisi was reasonable and did not rise to the level of vexatious, frivolous, or bad faith litigation.

The Court, therefore, **DENIES** the defendant Joseph Troisi's motion for attorney's fees and costs associated with his defense in this criminal case.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.