**In re: GRAND JURY SUBPOENA DUCES TECUM, Marsha L. Viglianco.**

**No. 3:98MC7.**

United States District Court, N.D. West Virginia.

Dec. 21, 1998.

Martin P. Sheehan, Wheeling, WV, for Plaintiff.

Zelda Wesley, Assistant United States Attorney, Clarksburg, WV, for United States of America.

*ORDER DENYING ATTORNEY FEES*

KEELEY, District Judge.

On May 8, 1998, this Court granted a motion to quash a grand jury subpoena in which the Government sought all documents and records produced for the years 1994 and 1995 by the Chums Early Learning Day Care Center operated by Marsha Viglianco.

Counsel for Viglianco has now filed a motion for attorney fees and expenses in the amount of $3,563.23, pursuant to Pub.L. No. 115–119, § 617, Title VI, III Stat. 2519 (hereinafter referred to as the Hyde Amendment).

The Hyde Amendment provides, in relevant part:

During fiscal year 1998 and in any fiscal year thereafter, the court in any criminal case pending on or after the date of the Enactment of this Act, may award to a prevailing party, other than the United States, a reasonable attorney's fees and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of Title 28, United States Code.

The first issue to be addressed is whether a subpoena to appear before a grand jury, and a subsequent motion to quash, constitute a "case". The Government argues that a grand jury proceeding, in which criminal charges or an indictment have not been filed, does not constitute a criminal case. *Black's Law Dictionary* defines "case" as "a general term for an action, cause, suit or controversy, at law or in equity; a question contested before a court of justice; and aggregate of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice." It further describes "case" as meaning a judicial proceeding for the determination of a controversy between the parties wherein rights are enforced or protected, or wrongs are prevented or redressed.

■ As counsel for Viglianco notes, case law under the Hyde Amendment is in its infancy, but decisions in a different context are helpful. In *Boron Oil Co. v. Downie*, 873 F.2d 67 (4th Cir.1989), an EPA investigator was subpoenaed to testify in a civil case in state court, and he was instructed by his superiors not to testify. Issues relating to the subpoena were removed to federal district court, but the underlying civil case was not. The Fourth Circuit reviewed this mat-

ter and upheld the District Court's exercise of jurisdiction. *See also North Carolina v. Carr*, 386 F.2d 129, at 131(4th Cir. 1967)(where the district court properly took cognizance of case regardless of whether the contempt proceeding was civil, criminal or sui generis). These cases support the proposition that an issue involving a subpoena is a sufficient "case" to establish jurisdiction under U.S. Const. Art. III.

◾ The second question is whether this is a criminal case, so that the fee issue would arise under the Hyde Amendment, or whether it is a civil case, thereby requiring analysis under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Given that the subpoena required Ms. Viglianco to appear and produce documents before a grand jury investigating a federal crime, there is no real dispute that this is a criminal case, although it has not fully developed into a criminal action with a pending indictment.

The third, and critical, inquiry is whether Viglianco is a "prevailing party." The Hyde Amendment does not define prevailing party, but references the standard under the EAJA. The EAJA defines a prevailing party only for the purposes of eminent domain cases, which is not helpful here.[1]

Recently, the Fourth Circuit adopted the reasoning in the case of *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073 (7th Cir.1987), regarding who is a prevailing party in a case, such as the one at bar, where a dismissal without prejudice is obtained:

> There are two views on whether the defendant becomes a "prevailing party" when the plaintiffs obtain a voluntary dismissal without prejudice... The more recent view is illustrated by *Szabo Food Service, Inc. v. Canteen Corp* .... (citation omitted) [A dismissal without prejudice] suggests that further litigation is anticipated... which makes it more like a draw than a victory for the defendant. As Judge Easterbrook persuasively noted in *Szabo*, when a defendant remains at risk of another suit on the same claim, he can hardly be considered to be in the same position as a defendant who

no longer faces the claim due to a dismissal with prejudice. *We therefore agree with the Seventh Circuit's view that a voluntary dismissal without prejudice does not render a defendant a prevailing party.*

*Best Industries, Inc. v. CIS BIO Intern.*, 134 F.3d 362, 1998 WL 39383 *3 (4th Cir.1998)(emphasis added).

◾ The result in *Best* obtains here and precludes an award of any attorney's fee. First, although this Court quashed the subpoena which directed Viglianco to produce all corporate records from several years, it did so without prejudice to the government to serve a new, more limited subpoena. Thus, Viglianco succeeded on the merits of her motion only to the extent that she was not required to produce the entire universe of documents for her business for the grand jury in the spring of 1998; but the Government is not forever precluded from subpoenaing her records again if it can demonstrate their relevance to its investigation. A "dismissal without prejudice, however, ... is not the practical equivalent of a victory for a defendant..." *Szabo Food Service*, 823 F.2d at 1077. Under the facts of this case, Viglianco is not a prevailing party for purposes of the Hyde Amendment.

Second, in awarding fees and costs under the Hyde Amendment, the Court must find that the position of the United States was "vexatious, frivolous or in bad faith." The Court disagrees with Viglianco that the written findings of the Court in its May 8, 1998 order demand a finding that the government's position was "vexatious, frivolous or in bad faith." Its subpoena was simply overbroad; and while it might have revealed the evidence sought by the grand jury, it would also have revealed numerous other things that were unnecessary and possibly private. While an appearance before a grand jury is troublesome and disturbing to most witnesses, this Court does not believe that the Hyde Amendment was meant to provide a remedy of attorney fees and costs in this case. "Vexatious," "frivolous" and "bad

---

**1.** 28 U.S.C. § 2412(d)(2)(H) provides in relevant part that a " 'prevailing party', in the case of eminent domain proceedings, means a party who

obtains a final judgment (other than by settlement)."

faith" are words that imply something more, something malicious and sinister, designed to annoy or embarrass. In the Court's opinion, an overbroad subpoena, without more, simply does not meet that test.

It is therefore **ORDERED** that the motion for attorney fees and costs under the Hyde Amendment is hereby **DENIED.**

The Clerk of the Court is directed to transmit copies of this Order to counsel of record and all appropriate agencies.