**UNITED STATES of America,
Plaintiff,**

v.

**Thomas S. PRITT, Defendant.**

**Criminal Action No. 6:98–00176–01.**

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Nov. 18, 1999.

---

James M. Cagle, Charleston, WV, for plaintiff.

Rebecca A. Betts, U.S. Atty., for Southern District of West Virginia, Charleston, WV by Stephen W. Haynie, Asst. U.S. Atty., Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

GOODWIN, District Judge.

Pending before the Court is defendant Thomas S. Pritt's application for the attorney's fees and litigation expenses that he incurred in successfully defending himself against a criminal prosecution. Pritt makes his application pursuant to the recently enacted Hyde Amendment on the grounds that the United States Government's prosecution against him was frivolous, vexatious, or in bad faith. The Government responds that the evidence, although insufficient to survive Pritt's motion for acquittal on thirteen of the seventeen counts at trial, was sufficient to show that the prosecution was made in good faith.

The defendant's motion raises the issue of whether the Hyde Amendment permits an award of attorney's fees and costs to a former criminal defendant when the court partially denied the defendant's motion for acquittal at trial. The Court finds that although Pritt's motion for acquittal was granted on several charges, the prosecution was neither frivolous, vexatious, or brought in bad faith. Accordingly, the Court **DENIES** Pritt's application.

### I.

On September 30, 1998, a federal grand jury indicted Pritt in a seventeen-count indictment. The indictment contained fourteen counts of aiding and abetting mail fraud in violation of 18 U.S.C. §§ 1341 and 2, one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and two counts of money laundering in violation of 18 U.S.C. §§ 1956(a) and 1957(a).

On February 24, 1999, a jury trial commenced against Pritt and his co-defendant father on all counts of the indictment. At the conclusion of the Government's presentation of evidence, Pritt moved the Court, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, for a judgment of acquittal on all seventeen counts. The Court granted the motion as to thirteen counts, but denied the motion with respect to four counts in which he was charged with aiding and abetting his father's mail fraud scheme. After deliberating for two days, the jury acquitted Pritt of the remaining four counts.

Shortly thereafter, Pritt filed his application pursuant to the Hyde Amendment in an attempt to recover attorney's fees and litigation expenses in the amount of $52,888.50 and $13,716.52 respectively.

## II.

### A.

Criminal defendants often face a tremendous disadvantage when defending themselves against a prosecution by the Government. Individuals simply cannot match the resources of the United States Department of Justice. Our criminal justice system, however, guarantees fairness by providing a variety of procedural protections to criminal defendants, including the presumption of innocence, the heavy burden of proof placed upon the Government, the right to grand jury indictment, the right to subpoena witnesses, and the right to the discovery of *Brady* material.

Despite the wide array of constitutional protections afforded a criminal defendant, there are rare instances in which prosecutions are motivated by forces contrary to justice, and the constitutional protections are simply inadequate. Even the individual who mounts a successful defense to a maliciously-conceived prosecution suffers serious damage to his wallet and, frequently, to his reputation.

Concern about these rare cases prompted Congress to pass the Hyde Amendment. *See* 143 Cong. Rec. H7786, 7792 (daily ed. Sept. 24, 1997) (statement of

Rep. Hyde). The Hyde Amendment provides in its entirety:

During fiscal year 1998 and in any fiscal year thereafter, the court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) pending on or after the date of the enactment of this Act [Nov. 26, 1997], may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code. To determine whether or not to award fees and costs under this section, the court, for good cause shown, may receive evidence ex parte and in camera (which shall include the submission of classified evidence or evidence that reveals or might reveal the identity of an informant or undercover agent or matters occurring before a grand jury) and evidence or testimony so received shall be kept under seal. Fees and other expenses awarded under this provision to a party shall be paid by the agency over which the party prevails from any funds made available to the agency by appropriation. No new appropriations shall be made as a result of this provision.

Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, Pub.L. No. 105–119, § 617, 111 Stat. 2519, 2519 (1997) (hereinafter Hyde Amendment).

▮ The purpose of the Hyde Amendment is to ensure that innocent individuals do not bear the risk of financial ruin when forced to defend against bad faith prosecutions and to deter the Government from prosecuting such cases. *See id.* at 7790–92. The Hyde Amendment recog-

nizes that the full panoply of constitutional protections is sometimes insufficient to protect an innocent individual from a vexatious or frivolous prosecution. For example, in theory, the right to grand jury indictment acts as a citizen shield against vexatious, frivolous, or bad faith prosecutions. Even so, the House–Senate Conference Committee report accompanying the Hyde Amendment expressly indicates that "[t]he conferees understand that a grand jury finding of probable cause to support an indictment does not preclude a judge from finding that the prosecution was vexatious, frivolous, or brought in bad faith." H.R.Rep. No. 105–405 (1997); *see also* Elkan Abramowitz & Peter Scher, *The Hyde Amendment: Congress Creates a Toehold for Curbing Wrongful Prosecution*, 22–MAR Champion 22, 24 (1998).

## B.

Unlike its civil counterpart, the Equal Access to Justice Act, the burden of proof in an application for attorney's fees and costs under the Hyde Amendment is on the defendant rather than the Government. *See* Hyde Amendment, *supra; U.S. v. Holland,* 34 F.Supp.2d 346, 358–59 (E.D.Va.1999); *see also* Dick DeGuerin & Neil Davis, *If They Holler, Make 'Em pay ... The Hyde Amendment,* SEPT/OCT Champion 30, 33 (1999). Therefore, in order to prevail on his application under the Hyde Amendment, Pritt must prove that: (1) his case was pending on or after November 26, 1997, the date of the enactment of the Hyde Amendment; (2) the case was a criminal case; (3) he was not represented by "assigned counsel paid for by the public," (4) he was a "prevailing party"; (5) the prosecution was "vexatious, frivolous, or in bad faith"; (6) the attorney's fees were reasonable; and (7) there are no special circumstances that would make such an award unjust. *See Holland,* 34 F.Supp.2d at 359. In this case, the parties dispute whether the prosecution was "vexatious, frivolous, or in bad faith."

## III.

The terms "frivolous," "vexatious," and "bad faith" are not synonymous. "Frivolous" is defined as "[o]f little weight or importance. A [charge or prosecution] is 'frivolous' when it is clearly insufficient on its face ... and is presumably interposed for mere purposes of delay or to embarrass...." *Black's Law Dictionary* 668 (6th ed. 1990). "Vexatious" and "bad faith" imply something more than prosecutorial eagerness; they imply malice or invidiousness. *See In re Grand Jury Subpoena Duces Tecum,* 31 F.Supp.2d 542, 544–45 (N.D. W.Va.1998). Bad faith "implies the conscious doing of a wrong because of dishonest purpose or moral obliquity" and it "contemplates a state of mind affirmatively operating with furtive design or ill will." *Black's Law Dictionary, supra,* at 139. A charge is "vexatious" if it is calculated to "harass, disquiet or annoy." *See id.* at 1565.

The Hyde Amendment's requirement that the prosecution be "frivolous, vexatious, or in bad faith" is not an all-or-nothing proposition. For example, it is conceivable that a prosecution could be non-frivolous, yet still vexatious and motivated by bad faith. Therefore, the Court first addresses the issue of whether the charges against Pritt were frivolous. Second, the Court considers the allegation that the prosecution was vexatious or made in bad faith.

## A.

When the basis for a defendant's application for fees and costs is that the evidence was insufficient to warrant prosecution, the court's decision whether to grant the defendant's motion for acquittal at trial is directly relevant to whether the defendant can show the requisite frivolousness of the prosecution. If a court denies a defendant's motion for acquittal at trial as to all counts, the prosecution cannot have been frivolous as a matter of law. *See generally United States v. Troisi,* 13 F.Supp.2d 595, 597 (N.D. W.Va.1998) (find-

ing prosecution was not frivolous, vexatious, or in bad faith when court ruled there was sufficient disputed evidence to carry the issue to the jury). In such a case, the court has already determined that the evidence against the defendant, although not necessarily sufficient to convict, is sufficient to allow the case to proceed to a jury and is therefore not a frivolous prosecution.

■ Although a court's decision to deny a motion for acquittal at trial on all counts forecloses a finding of frivolousness under the Hyde Amendment, this does not mean that the converse is true. If a court decides to grant a motion for acquittal at trial, it does not necessarily follow that the charges were frivolous. The standard for granting a judgment of acquittal at trial is lower than that for an award of attorney's fees and costs pursuant to the Hyde Amendment. For a judgment of acquittal, the court merely determines that, based on the evidence, no reasonable jury could return a verdict of guilt beyond a reasonable doubt.

■ A more complex question is presented when as here, a court denies a defendant's motion for acquittal at trial as to some counts, but grants it as to others. Under *Troisi*, one might assume that with respect to the counts that went to the jury, the defendant's application for fees and costs must be denied and that the court undertakes an independent Hyde Amendment inquiry as to each of the counts that were dismissed.

The Court finds, however, that for the purposes of reviewing a Hyde Amendment application, that a court should examine the entire case. The court should consider the relationship between the charges permitted to go to the jury and the charges that were dismissed, taking the following into account: (1) the nature and similarity of the charges; (2) the relationship of the charges to one another; and (3) the preparation involved in defending the charges, including the proportion of time and money expended on any individual charge.

■ In Pritt's case, the charges were similar—aiding and abetting mail fraud, money laundering, and conspiracy to launder money derived from the mail fraud. The charges required examination of the same witnesses and inquiry into related instances of conduct. Furthermore, all of the charges involved transactions between the same related parties. Finally, no one charge required a disproportionate amount of time to prepare and defend. Considering the intimate relationship between the charges that were dismissed and those that proceeded to the jury, it cannot be said that the prosecution as a whole was intended "for mere purposes of delay or to embarrass." *Black's Law Dictionary, supra,* at 668. Thus, Pritt may not be granted relief under the Hyde Amendment on the basis that the prosecution was "frivolous" simply because some of the counts against him were dismissed at trial.

### B.

■ In order to prove that a prosecution was vexatious or made in bad faith, a defendant must offer more than mere conclusory statements and vague allegations. Furthermore, any evidence of improper motive must meet the high bar set by the Hyde Amendment. *See* Abromowitz & Scher, *supra* at 23 ("[T]he government [made clear that it] would not be opening its purse strings in any but the most exceptional cases of prosecutorial abuse"). The sponsor of the Amendment, Representative Hyde, indicated that the legislation was aimed at situations in which the prosecution was "not just wrong," but "willfully wrong, ... frivolously wrong. They keep information from you that the law says they must disclose.... They suborn perjury." 143 Cong.Rec. H7786–04 at H7791. Indeed, courts that have awarded recovery under the Hyde Amendment have done so only when the prosecution clearly violated the law or pursued baseless charges unjustifiably. *See, e.g., United States v. Ranger Electronic Communications,* 22 F.Supp.2d 667, 677 (E.D. Va.1999) (granting award under the Amendment when

prosecutor violated *Brady* obligation to share exculpatory information); *Holland,* 34 F.Supp.2d at 361 (granting award when FDIC used threat of criminal prosecution to unduly influence settlement, Government impermissibly used criminal referral as a substitute for unsuccessful administrative proceedings, and the FDIC referred the case on impermissible conditions).

 Pritt argues that the prosecution was vexatious or in bad faith simply because the prosecution brought several charges against him, the majority of which were dismissed at trial.[1] As discussed above, however, the mere fact that the Court granted Pritt's motion for acquittal at trial with respect to some counts does not prove that the charges were either frivolous or prosecuted in a vexatious manner or in bad faith. A defendant must offer specific, concrete allegations that may lead a court to conclude that the prosecution was in fact vexatious or in bad faith. Here, Pritt does not offer any, much less sufficient, evidence or proof of vexatiousness or bad faith.

## IV.

For the foregoing reasons, Pritt's application for attorney's fees and litigation expenses pursuant to the Hyde Amendment is **DENIED.**

The Court further **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, and the United States Attorney.

[1]. The Court notes that in some circumstances not present here, a voluminous number of charges could serve as an indication of vexatiousness or bad faith. *See, e.g., Holland,* 34 F.Supp.2d at 368 ("It is difficult to justify two separate felony counts based upon the same statute where the only distinction is entry of the information on a note as in Count Three and entry on a commercial loan worksheet as in Count Four. Even more disturbing is the fact that the Government repeated this duplicative charging separately with respect to five of the remaining loans in question.").