**UNITED STATES of America,
Plaintiff,**

v.

**Brian CAMPBELL, et al., Defendants.**

**No. CR 98–269 CBM.**

United States District Court,
C.D. California,
Western Division.

Feb. 15, 2001.

 

Barry F. Hammond, Barry F. Hammond Law Offices,Van Nuys, CA, Alvin S. Michaelson, Michaelson & Levine, Los Angeles, CA, for Brian Campbell.

Brian Campbell, Brian Campbell Law Offices, Rancho Cucamonga, CA, pro se.

Michael D. Nasatir, Nasatir Hirsch & Podberesky, William J. Hardy, William J. Hardy Law Offices, Malibu, CA, for Monique Errigo.

## ORDER RE: DEFENDANT'S OMNIBUS MOTIONS

CONSUELO BLAND MARSHALL, District Judge.

The matter before the Court, the Honorable Consuelo B. Marshall, United States District Judge presiding, is Defendant Brian Campbell's Omnibus Motion for: 1) Attorney's Fees Pursuant to the Hyde Amendment; 2) Dismissal of Indictment; 3) Grand Jury Transcripts, Notes, Logbooks and Minutes; 4) Bill of Particulars; 5) Permitting Defendant to Inspect, Copy or Photograph Certain Books and Documents; 6) Granting Defendant Any and All Exculpatory Information Relevant for an Evidentiary Hearing; and 7) for Sanctions Against Individual Prosecutors. The parties appeared before the Court on January 8, 2001, Defendant Campbell appearing in pro per. Upon consideration of the papers and arguments presented, the Court: 1) DENIES Defendant's Motion for Attorney's Fees; 2) DENIES Defendant's Motion for Dismissal of the Indictment as MOOT; 3) DENIES Defendant's Motion for Grand Jury Transcripts, Notes, Logbooks and Minutes as MOOT; 4) DENIES Defendant's Motion for a Bill of Particulars as MOOT; 5) DENIES Defendant's Motion Permitting Defendant to Inspect, Copy or Photograph Certain Books and Documents; 6) DENIES Defendant's Motion Granting Defendant Any and All

Exculpatory Information Relevant for an Evidentiary Hearing as MOOT; and 7) DENIES Defendant's Motion for Sanctions Against Individual Prosecutors.

## BACKGROUND AND PROCEDURAL HISTORY

Defendant Brian Campbell, a personal injury attorney, and Defendant Monique Errigo Campbell, his office-manager wife, were investigated as part of an FBI undercover operation targeting lawyers and health care professionals submitting fraudulent insurance claims arising from automobile accidents. The indictment alleges the following:

- Defendant dealt with "cappers," who, for a fee, introduced him to clients claiming they were injured in auto accidents and needed legal representation;
- Defendant referred the clients to doctors for treatment and then negotiated settlements with the insurance companies, using the proceeds of the settlements to pay the cappers;
- When the case settled, Defendants deducted the full medical bills from the gross settlement, took their fee and embezzled the difference; and
- Defendants took more than the amount specified in the Retainer Agreement and defrauded the doctors and clients.

FBI agents posed as cappers and supposed victims of auto accidents. Each case was settled by Defendant and the proceeds disbursed to the chiropractor, the agent posing as the client, and the agent posing as the capper. (Pretrial Diversion Report at 2, Opp'n, Ex. C.) On November 6, 1998, the government and Defendant stipulated to refer the case to the pretrial service office for consideration of Defendant's eligibility for pretrial diversion (the "Diversion Stipulation"). Paragraph 5 of the Diversion Stipulation provides "Defendants represent, through their counsel, that defendants are willing to accept responsibility for their conduct in this matter." (Diversion Stipulation at 2–3, Opp'n, Ex. B.) Pursuant to the Diversion Stipulation, Defendant was interviewed by a United States Pretrial Services Officer. In connection with his interview, Defendant signed the following statement:

I acknowledge that I gave a gratuity to a paralegal for a referral of personal injury matters and take full responsibility for my actions. I will cooperate fully with the Pretrial Services Office while under Supervision. (Pretrial Diversion Report at 3, Opp'n, Ex. C.)

Based on Pretrial Services' determination of his suitability for diversion, Defendant and the government entered into an agreement for pretrial diversion (the "Diversion Agreement") on March 24, 1999, in which Defendant accepted responsibility for his acts, agreed to repay the government for the loss it suffered as a result of his offense and agreed to complete one hundred hours of community service. Defendant paid restitution and completed his community service obligation in compliance with the Diversion Agreement. Defendant's eighteen-month diversion period expired at the end of October, 2000. The indictment was dismissed on November 13, 2000 pursuant to the Diversion Agreement.

Defendant filed the present Omnibus Motions on November 13, 2000. The government filed its Opposition on December 22, 2000. Defendant filed a Response on January 4, 2001.

## DISCUSSION

### I. Motion for Attorney's Fees Pursuant to the Hyde Amendment

█ Defendant seeks attorney's fees pursuant to the Hyde Amendment, which allows the Court to award reasonable attorney's fees and other litigation expenses

to the prevailing party where the court finds that the United States' position was vexatious, frivolous, or in bad faith. The Hyde Amendment, Pub.L. No. 105–119 § 617, 111 Stat. 2440, 2519 (1997), 18 U.S.C. § 3006A Note provides that in any criminal case, the court:

> may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust.

The burden of proof for a Hyde Amendment claim is on the claimant to prove each of the following elements: 1) the case was pending on or after the enactment of the Hyde Amendment; 2) the case was a criminal case; 3) defendant was not represented by assigned counsel paid for by the public; 4) defendant was a prevailing party; 5) the prosecution was vexatious, frivolous, or in bad faith; 6) the attorney's fees were reasonable; and 7) no special circumstances exist that would make an award unjust. *U.S. v. Lindberg*, 220 F.3d 1120, 1124 (9th Cir.2000). To determine whether or not to award fees and costs under this section, the court, for good cause shown, may receive evidence ex parte and in camera (which shall include the submission of classified evidence or evidence that reveals or might reveal the identity of an informant or undercover agent or matters occurring before a grand jury) and evidence or testimony so received shall be kept under seal. *U.S. v. Gilbert*, 198 F.3d 1293, 1298 (11th Cir.1999)

While the present case satisfies the first two elements of a Hyde claim, Defendant fails to establish that he was the "prevailing party," or that the government's position was vexatious, frivolous, or in bad faith.

## A. Defendant is Not the Prevailing Party.

In order to prevail, Defendant must prove the threshold element for a Hyde Amendment claim, that he is the "prevailing party." *See United States v. Wade*, 93 F.Supp.2d 19, 22 (D.C.Cir.2000)("A threshold consideration in the application of the Hyde Amendment is whether petitioners qualify as a 'prevailing party' under the statute."); *Gilbert*, 198 F.3d at 1298 ("The key language requires a *successful criminal defendant* to establish that the position the government took in the prosecution was 'vexatious, frivolous, or in bad faith' ")(emphasis added).

The Hyde Amendment does not expressly define the phrase "prevailing party," and there are no reported decisions setting forth a rule for defining the "prevailing party" for purposes of a Hyde Amendment claim. The question of whether a Defendant is a "prevailing party" must be answered considering the totality of the facts and circumstances of each case. *U.S. v. Gardner*, 23 F.Supp.2d 1283, 1291 n. 11 (N.D.Okla.1998). The government argues that the legislative history of the Amendment makes it clear that Defendant cannot be considered a "prevailing party" entitled to attorney's fees. The Hyde Amendment was enacted in response to the prosecution of Representative James McDade, who was tried and acquitted of bribery and racketeering charges. Representative Henry Hyde sponsored the amendment, stating that if the government "cannot prove substantial justification after the case is over, and the verdict is not guilty, then the prosecution pays something towards the attorney's fees of the victim." 143 Cong. Rec. H 7786–04, H771 (Sept. 24, 1997), cited in *Gilbert*, supra, 198 F.3d at 1300. In *Gilbert*, the Eleventh Circuit analyzed the legislative history of the Hyde Amendment and concluded that "in order

to be eligible for fees and costs under the Hyde Amendment a successful defendant must show more than he was ultimately successful in defending against the charges brought." *Id.* at 1303.

Whether a defendant may be deemed a "prevailing party" for a Hyde Amendment claim when the government dismisses the indictment in accordance with a diversionary agreement is an issue of first impression. The cases addressing the issue of determining a "prevailing party" are limited to factual situations where a criminal defendant was completely exonerated through voluntary dismissal of all charges without sanction, dismissal by way of a motion of judgment for acquittal or dispositive motion, or through acquittal. *See e.g., U.S. v. Knott,* 106 F.Supp.2d 174, 177 (D.Mass.2000)(defendant was a "prevailing party" where the government dismissed the indictment after the court suppression of evidence left insufficient evidence for prosecution); *U.S. v. Wade,* 93 F.Supp.2d at 22; *U.S. v. Holland,* 34 F.Supp.2d 346 (E.D.Va.1999)(defendants deemed "prevailing parties" following grant of motion for judgment of acquittal); *Gilbert,* 136 F.3d 1451 (defendant deemed "prevailing party" following dismissal of indictment after reversal of conviction on statute of limitations grounds).

■ Considering the totality of the circumstances in this case, the Court finds that Defendant is not a "prevailing party" because he was not acquitted or otherwise exonerated. Defendant voluntarily settled his case with the advice of counsel by signing the Diversion Agreement, under which Defendant acknowledged paying the "capping" fee, paid restitution, performed community service and submitted to "probation-like reporting." (Opp'n at 13.) Therefore, Defendant did not successfully defend against the charges or prevail on the merits of his claim.

## B. The United States' Position Was Not Vexatious, Frivolous, or in Bad Faith.

To award attorney's fees on a Hyde Amendment claim, the Court must find that the position of the United States was vexatious, frivolous, or in bad faith. Since those words are not defined in the statute, they "must be given their ordinary meaning." *Chapman v. U.S.,* 500 U.S. 453, 462, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991). By its plain language, vexatious means " 'without reasonable or probable cause or excuse.' " *Gilbert,* 198 F.3d at 1298–99 (quoting Black's Law Dictionary 1559 (7th ed.1999)). A frivolous action is " 'groundless ... with little prospect of success; often brought to embarrass or annoy the defendant.' " Id. (quoting Black's Law Dictionary 668 (6th Ed.1990)). Bad faith " 'is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; ... it contemplates a state of mind affirmatively operating with furtive design or ill will.' " *Id.* (quoting Black's Law Dictionary 139 (6th ed.1990)).

■ To prevail under the Hyde Amendment, "a lot more is required ... than a showing that the defendant prevailed at the pre-trial, trial, or appellate stages of the prosecution." *Id.* A defendant must show more than that government's position was not substantially justified. *Lindberg,* 220 F.3d at 1124; *U.S. v. Truesdale,* 211 F.3d 898, 909 (5th Cir.2000). A defendant must show that the government's position underlying the prosecution amounts to prosecutorial misconduct—a prosecution brought vexatiously, in bad faith, or so utterly without foundation in law or fact as to be frivolous. *Gilbert,* 198 F.3d at 1299. Consequently, the Hyde Amendment

"places a daunting obstacle before defendants who seek to obtain attorney fees and costs from the government following a successful defense of criminal charges." *Gilbert*, 198 F.3d at 1302–03; *In re 1997 Grand Jury*, 215 F.3d 430, 436 (4th Cir. 2000).

Defendant argues that the government's actions in this case were vexatious, frivolous and in bad faith because "there was no evidence against the Defendants and no truth to the criminal allegations contained in the Indictment." (Mot. at 3.) Defendant contends the United States Attorney's office proceeded despite knowledge that every criminal averment in the indictment was false. *Id.* at 4. Defendant argues that the government agents perjured themselves before the grand jury in order to destroy his law practice and force him out of the insurance business. Campbell Affidavit, ¶¶ 7, 40. "Unsupported assertions in a brief cannot substitute for evidence in the record." *Gilbert*, 198 F.3d at 1305 (internal quotation marks omitted); *see also U.S. v. Pritt*, 77 F.Supp.2d 743, 748 (S.D.W.Va.1999). Defendant argued at the hearing that he was coerced into accepting the diversion agreement in order to protect his wife from prosecution. However, Defendant has not provided any evidence to support his argument of bad faith or coercion on the part of the government. Therefore, the Court finds that Defendant has not satisfied his burden of establishing that the government acted vexatiously, frivolously, or in bad faith.

## II. Request for Dismissal of the Indictment

The indictment was dismissed on November 13, 2000, pursuant to the Diversion Agreement. Therefore, Defendant's request is MOOT.

## III. Request for Grand Jury Transcripts, Notes, Logbooks and Minutes

The Hyde Amendment provides that

[t]o determine whether or not to award fees and costs under this section, the court, for good cause shown, may receive evidence ex parte and in camera (which shall include the submission of classified evidence or evidence that reveals or might reveal the identity of an informant or undercover agent or matters occurring before a grand jury) and evidence or testimony so received shall be kept under seal.... 18 U.S.C. 3006A.

The Hyde Amendment allows the district court to order the production of documents "for good cause shown." *Lindberg*, 220 F.3d at 1126. In *Lindberg*, the defendant requested discovery of investigative documents which he argued would demonstrate that the government knew it had insufficient evidence to convict him. The trial court denied Lindberg's request because his claims centered on the government's lack of proof. The Ninth Circuit affirmed, finding that "Lindberg failed to point to any evidence that the government was motivated by improper considerations." *Id.* Similar to *Lindberg*, Defendant's motion for fees rests on his assertion that the government lacked sufficient evidence to indict him. Such an assertion is not enough to show that the government's position was vexatious, frivolous, or in bad faith. *Id.* Defendant has not satisfied his burden of showing good cause for the Court to review additional evidence ex parte and in camera. Accordingly, the Court DENIES Defendant's Request for Grand Jury Transcripts, Notes, Logbooks and Minutes.

## IV. Request for a Bill of Particulars

Since the indictment has been dismissed pursuant to the Diversion Agreement, the Court DENIES Defendant's Request for a Bill of Particulars as MOOT.

## V. Motion to Inspect, Copy or Photograph Certain Books, Papers and Documents

Defendant seeks an order allowing him to inspect, copy or photograph certain books and documents, arguing that they "are necessary to show the perjurious testimony of the agents, agencies and entities involved in the criminal allegations against the defendant." (Mot. at 25.)

Federal Rule of Criminal Procedure 16(C) states:

Upon request of the defendant, the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objection...or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at trial...

The government has dismissed the indictment against Defendant, eliminating the need for trial. Therefore, the government will not be presenting evidence, nor will Defendant need to prepare a defense.

Accordingly, the Court DENIES Defendant's Motion to Inspect, Copy or Photograph Certain Books, Papers and Documents.

## VI. Motion for Order Granting Defendant Any and All Exculpatory Information

Defendant requests that the Court permit discovery of "exculpatory" information favorable to the defense under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Since the indictment has been dismissed, the Court DENIES Defendant's Request for discovery materials as MOOT.

## VII. Motion for Sanctions Against Individual Prosecutors

Defendant argues that Alejandro Mayorkas and his colleagues at the United States Attorney's office have "engaged in conduct prejudicial to the administration of justice, the independence of the Grand Jury and the fundamental fairness owned to the defendant and guaranteed to him under the due process clause of the Fifth Amendment of the Constitution." (Mot. at 28.) However, Defendant fails to cite applicable authority for an award of financial sanctions against specific attorneys involved in prosecuting him. Further, Defendant has not provided any evidence to support bad faith on the part of the United States Attorneys involved in the prosecution.

Therefore, the Court DENIES Defendant's Motion for Sanctions Against Individual Prosecutors.

## CONCLUSIONS

Based on the foregoing, the Court: 1) DENIES Defendant's Motion for Attorney's Fees; 2) DENIES Defendant's Motion for Dismissal of the Indictment as MOOT; 3) DENIES Defendant's Motion for Grand Jury Transcripts, Notes, Logbooks and Minutes as MOOT, 4) DENIES Defendant's Motion for a Bill of Particulars as MOOT; 5) DENIES Defendant's Motion Permitting Defendant to Inspect, Copy or Photograph Certain Books and Documents; 6) DENIES Defendant's Motion Granting Defendant Any and All Exculpatory Information Relevant for an Evidentiary Hearing as MOOT; and 7) DENIES Defendant's Motion for Sanctions Against Individual Prosecutors.

**SO ORDERED.**