**UNITED STATES of America,**

v.

**Haryash GUGNANI, et al., Defendant.**

**No. AW–99–0225.**

United States District Court,
D. Maryland,
Southern Division.

Jan. 8, 2002.

---

William C. Cagney, Lane & Mittendorf, LLP, New Brunswick, NJ, for Haryash Gugnani.

Joshua R. Treem, Schulman, Treem, Kaminkow & Gilden, The World Trade Center, Baltimore, MD, for Amrik Sikand.

J. Sedwick, Sollers, III, King and Spalding, David J. Curtin, King and Spalding, Washington, DC, for Michael Barlie.

Michael A. DiPietro, Assistant United States Attorney, Baltimore, MD, Bryan E. Foreman, Office of US Attorney, Greenbelt, MD, Steven N. Gersten, U.S. Department of Justice, Washington, DC, for U.S.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Pursuant to the Hyde Amendment, 18 U.S.C. § 3006A (statutory note), Pub.L. No. 105–119, § 617, 111 Stat. 2440, 2519 (1997), Petitioners filed an application for reimbursement of attorneys' fees and reasonable expenses for their successful defense of criminal charges. The parties have briefed their respective positions and the Court has heard oral argument. Upon careful consideration of arguments made in support of and opposition to Petitioners' request, the Court DENIES the Petitioners' Hyde Amendment Application.

## BACKGROUND

Following an investigation by the Food and Drug Administration ("FDA") that began in 1995, the Department of Justice ("DOJ") began investigating allegations of false statements made to the FDA. In February 1999, DOJ sent letters to Petitioners Amrik Sikand ("Sikand"), Theodore Milo ("Milo"), and Haryash Gugnani ("Gugnani") informing them that they were *not* targets of the investigation, but asked them to remain available for questioning. Petitioners did not respond to the Government's request, but instead remained silent. In April of 1999, the Government reversed its position, and informed each Petitioner that they were targets. On May 24, 1999, a grand jury indicted each of the Petitioners and one additional defendant, Michael Barile ("Barile"), for knowingly submitting false statements to the FDA and related charges.

Trial began on July 24, 2000. At the conclusion of the Government's case, the Petitioners moved pursuant to Fed. R.Crim.P. 29 for a judgment of acquittal. The Court reserved ruling on that Motion regarding Counts Three and Four of the Indictment until the defendants had an opportunity to present their case. At the conclusion of all of the evidence, Petitioners moved again for judgment of acquittal. The Court then denied the Motion. A jury subsequently found Barile guilty of submitting a false statement to the FDA, but found each of the Petitioners not guilty on all counts. The present application for attorney's fees followed.

Petitioners argue that they are entitled to attorney fees and reasonable expenses payable by the DOJ and/or the FDA. They assert that the Government inappropriately renewed its effort to indict in response to Petitioners exercising their right to remain silent. Petitioners further contend that the Government has not offered any new evidence obtained after the February 1999 letter that would implicate the Petitioners in the alleged crimes, and that the Government knowingly made false statements and misrepresented facts to the Grand Jury to secure the Indictment. Accordingly, Petitioners assert that the Government's prosecution against them was vexatious, frivolous, and brought in bad faith and, therefore, attorneys' fees are warranted under the Hyde Amendment.

The Government responds by arguing that the prosecution was entirely appropriate and not vexatious, frivolous, or brought in bad faith. It avers that, despite the not guilty verdict, the evidence was sufficient to find the Petitioners guilty of the charged offenses and that the Government did not pursue the charges solely because Petitioners remained silent. It also contends that the Court's denial of Petitioners' Rule 29 Motion is indicative of the fact that the Government had an objectively reasonable basis to prosecute, and that the jury had a reasonable basis to find guilt beyond a reasonable doubt. Accordingly, the Government urges the Court to deny the requested relief.

## DISCUSSION

 The Hyde Amendment permits courts to award attorneys' fees and costs to individuals who have been subject to vexatious, frivolous or bad faith prosecution. Congress enacted the Hyde Amendment in 1997 in response to perceived instances of prosecutorial abuse by the United States. *See U.S. v. Gilbert*, 198 F.3d 1293, 1299–1303 (11th Cir.1999) (reviewing legislative history). In a Hyde Amendment application, the burden is on the petitioner. *In re 1997 Grand Jury*, 215 F.3d 430, 436 (4th Cir.2000). To prevail "a lot more is required ... than showing that the defendant prevailed at the pre-trial, trial or appellate stages of the prosecution." *Gilbert*, 198 F.3d at 1298. A Hyde Amendment petitioner must prove the following by a preponderance of the evidence:

(1) that the case was pending on or after November 26, 1997, the date of the enactment of the Hyde Amendment;

(2) that the case was a criminal case;

(3) that the Petitioner was not represented by "assigned counsel paid for by the public;"

(4) that the Petitioner was the prevailing party;

(5) that the prosecution was "vexatious, frivolous, or in bad faith;"

(6) that the attorney's fees were reasonable; and

(7) that there are no special circumstances that would make such an award unjust.[1]

*In re 1997 Grand Jury*, 215 F.3d at 436 n. 8 (citing *U.S. v. Pritt*, 77 F.Supp.2d 743, 747 (S.D.W.Va.1999)).

 In the case *sub judice*, the central dispute is whether the prosecution was "vexatious, frivolous, or in bad faith." As the terms are not defined in the statute, the Fourth Circuit, in the context of a Hyde Amendment application, has stated:

> [V]exatious means " 'without reasonable or probable cause or excuse.' " *Gilbert*, 198 F.3d at 1298–99 (quoting Black's Law Dictionary 1559 (7th ed.1999)). A frivolous action is " 'groundless ... with little prospect of success; often brought to embarrass or annoy the defendant.' " *Id.* (quoting Black's Law Dictionary 668 (6th Ed.1990)). And, bad faith " 'is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; ... it contemplates a state of mind affirmatively operating with furtive design or ill will.' " *Id.* (quoting Black's Law Dictionary 139 (6th ed.1990)).

*In re 1997 Grand Jury*, 215 F.3d at 436. The Court will apply the foregoing definitions to the facts of this case.

### Frivolousness

 Petitioners argue that, because the Court reserved ruling on their Rule 29 Motion for judgment of acquittal on Counts Three and Four of the Indictment, the Court took notice that the Government's position was frivolous. The Court disagrees. When the Court denied the Rule 29 Motion, the Court believed that by construing the evidence in the light most favorable to the Government, a *prima facie* case as to all the defendants had been established. The Court reserved the right to review the Motion regarding Counts Three and Four because of the novelty associated with the defendants' argument, particularly that the causation of placing adulterated products into the stream of commerce occurred, if at all, in New Jer-

---

1. Finding that the prosecution in this case was not "vexatious, frivolous, or in bad faith," the Court will not address elements six and seven.

sey, and not in Maryland, thus inferring improper venue.

█ Here, the essential inquiry is whether the Government's prosecution was groundless, or brought to embarrass or annoy the Petitioners. *See In Re 1997 Grand Jury, supra.* In determining at the conclusion of its case-in-chief that the Government had produced sufficient evidence to survive a Rule 29 Motion, the Court believed, and continues to believe, that the Government had sufficient grounds to present the case to the jury. *See e.g., U.S. v. Pritt,* 77 F.Supp.2d 743, 747 (S.D.W.Va. 1999) ("[i]f a court denies a defendant's motion for acquittal at trial as to all counts, the prosecution cannot have been frivolous as a matter of law.") (citing *U.S. v. Troisi,* 13 F.Supp.2d 595, 597 (N.D.W.Va.1998); *Gilbert, supra,* 198 F.3d at 1304) (court observing in context of Hyde Amendment application that, "[o]nce a district court judge accepts the government's legal position it will be extremely difficult to persuade us that the issue was not debatable among reasonable lawyers and jurists, *i.e.,* that it was frivolous") (footnote omitted). The fact that the jury decided to acquit the petitioners does not mean that the prosecution was frivolousness. *See United States v. True,* 250 F.3d 410, 424 (6th Cir.2001) ("[A]cquittal alone is not the standard for an award under the Hyde Amendment."). Moreover, the Petitioners have not produced any evidence, aside from blanket allegations, that the Government brought its case solely to embarrass or annoy them. Therefore, the Court rejects Petitioners' contention that the Government's prosecution was frivolous.

*Vexatious*

Relying on *U.S. v. Holland,* 34 F.Supp.2d 346 (E.D.Va.1999) *vacated in part on other grounds,* 48 F.Supp.2d 571 (E.D.Va.1999), *aff'd,* 214 F.3d 523 (4th Cir. 2000), Petitioners maintain that the Government's prosecution was "vexatious." Petitioners reason that the Government informed them that they were not targets of a federal investigation, and then reversed its position, without any new evidence. The Court disagrees with Petitioners' contentions and finds *Holland* legally and factually distinguishable.

In *Holland,* the United State's Federal Deposit Insurance Corporation (FDIC) entered into a civil settlement with the several bank officers in relation to seven loans that the FDIC claimed violated federal law. *Id.* at 352. Because FDIC was not able to obtain all the relief it sought in the civil proceedings, it urged DOJ to bring criminal charges. *Id.* The Government subsequently filed a thirty-one-count indictment against the bank officers. *Id.* at 353. However, the district court dismissed the charges after the bank officers moved for judgment of acquittal. *Id.* Defendants then filed an application for litigation costs and attorneys' fees under the Hyde Amendment. Framing the inquiry as "whether a reasonable prosecutor should have concluded that the applicable law and the available evidence were insufficient to prove the defendants' guilt beyond a reasonable doubt, and, if so, was the continuation of the prosecution vexatious," *id.* at 361, the district court found that the prosecutor had no legal justification in law or fact to file thirty-one charges against defendants. *Id.* at 364. The court further found that the prosecutor had an improper motive to vindicate the FDIC after it failed to obtain the remedy it sought in its civil proceedings, and thus the prosecution was vexatious. *Id.* The court concluded that defendants were entitled to reasonable litigation costs and attorney fees, and proportioned that 1/3 was to be paid by FDIC,

and 2/3 from DOJ's budget. *Id.* at 375.[2]

*Holland* is legally distinguishable. The legal standard applied by the district court in *Holland* has been characterized as "more amenable to the party seeking fees." *U.S. v. Knott,* 256 F.3d 20, 29 (1st Cir.2001) (Court also noting that "[c]ircuit courts construing the Hyde Amendment have varied in interpreting the term 'vexatious.' "); *See also, U.S. v. Sherburne,* 249 F.3d 1121, 1127 (9th Cir.2001) ("A standard that focuses solely on the 'reasonable prosecutor' and 'proof beyond a reasonable doubt' requires too much of the United States."). Because of the procedural posture in which the Government appealed the district court ruling in *Holland,* the Fourth Circuit declined to review the appropriateness of that standard noting, "we cannot consider the merits of whether … the United States' position in the criminal case was 'vexatious' within the meaning of the Hyde Amendment." *U.S. v. Holland,* 214 F.3d 523, 527 (4th Cir.2000). On the same day, however, the Fourth Circuit reached its decision in *In re 1997 Grand Jury, supra,* where it defined "vexatious" in the context of a Hyde Amendment application as "without reasonable or probable cause or excuse." 215 F.3d at 436. Thus, the Court finds *Holland* legally inapplicable.

*Holland* is also factually distinguishable. In *Holland,* the trial court granted the petitioner's Rule 29 Motion in its entirety at the end of the Government's case, illustrating its belief that the Government's case lacked sufficient evidence to reach the jury. Moreover, in *Holland,* the FDIC adjudicated its claims against the Hollands through civil arbitration and reached a set- tlement, before the criminal prosecution. The vexatious nature of the Government's subsequent criminal prosecution was abundantly clear where there was no new evidence of wrongdoing by the Hollands after the civil arbitration settlement. Based upon the record in this case, and absent any evidence from the Petitioners that supports a finding of vexatiousness, the Court determines that, even if the more amenable legal standard were to be applied, a reasonable prosecutor could conclude that the applicable law and available evidence were sufficient to prove the Petitioners guilty beyond a reasonable doubt.

■ In this case, the Government pursued an indictment on the theories that the defendants knowingly submitted false statements to the FDA and knowingly caused adulterated and misbranded products to enter interstate commerce. The presentation of more circumstantial evidence than direct evidence does not lead to the conclusion the indictment was pursued vexatiously. *See e.g., U.S. v. Troisi,* 13 F.Supp.2d 595, 597 (N.D.W.Va.1998) (denying Hyde Amendment application). *Mens rea* requirements such as knowingly, willfully, and intentionally in many instances are difficult to prove beyond a reasonable doubt, and often must be established by way of circumstantial evidence focusing on facts, circumstances, course of conduct, and statements which infer the requisite state of mind.

Further, the Court does not agree with the Petitioners' notion that Barile, the only defendant to be convicted, acted in a vacuum, and the Government vexatiously

---

2. The district court subsequently denied reconsideration because the government made no showing of extraordinary circumstances. *U.S. v. Holland,* 48 F.Supp.2d 571, 573 (1999). However, the court amended its order to rule that the FDIC had no liability for any of the damages awarded because it did not receive sufficient notice. *Id.* at 581. The Fourth Circuit affirmed the denial of reconsideration. *U.S. v. Holland,* 214 F.3d 523, 527 (4th Cir.2000).

lumped all of the defendant's conduct together to sustain a conspiracy theory. The Indictment details, and the Court believes, that the overall record supports the Government's decision to prosecute all of the defendants for their particular role in the alleged conspiracy. The Court, therefore, declines to conclude that, because Barile was the only defendant convicted based on the conspiracy theory, the Government knew he acted alone. Instead, the Court draws the necessary distinction between the failure to prove guilt beyond a reasonable doubt, and the reasonableness of the decision to pursue charges. Here, the Court finds that the Government had a reasonable basis to pursue criminal charges against each defendant.

*Bad faith*

Next, the Court addresses the element of bad faith. Petitioners contend that the Government's prosecution of them was in "bad faith" because the Government knowingly used false information to obtain the Indictment. Petitioners rely on *U.S. v. Ranger Electronic Communications, Inc.,* 22 F.Supp.2d 667 (W.D.Mich.1998) *rev'd on other grounds, U.S. v. Ranger Electronic Communications, Inc.,* 210 F.3d 627 (6th Cir.2000),[3] and *U.S. v. Adkinson* 247 F.3d 1289 (11th Cir.2001) to support their assertion. Both cases are inapplicable.

In *Ranger,* the district court held that the Government acted in "bad faith" within the meaning of the Hyde Amendment when the Government violated its *Brady* obligation to share exculpatory information with the defendant. 22 F.Supp.2d at 676. There, the defendants were indicted, went to trial, and had their charges dismissed with prejudice by the court. *Id.* at 670–71.

Almost two months after the dismissal of their charges, the defendants received exculpatory evidence from the Government. *Id.* at 671. The trial court found that the exculpatory evidence would have exonerated the defendants and would have prevented an indictment by the grand jury. *Id.* While the district court did not articulate any standard for determining "bad faith," it is clear that they considered withholding of exculpatory evidence as "bad faith" conduct within the meaning of the Hyde Amendment.

In *Adkinson,* the Court of Appeals for the Eleventh Circuit reversed a trial court's denial of attorney fees pursuant to the Hyde Amendment, reasoning that the district court abused its discretion. 247 F.3d at 1293. There, the Court found that attorney fees and expenses were appropriate because the Government sought an indictment knowing that the indictment contained legal standards that were contrary to binding precedent, that the indictment did not allege any crime under existing law, and that the Government willfully ignored the defendant's rights. *Id.* at 1292. The Court specifically found that "the government's prosecutorial position was foreclosed by ... binding precedent, not only when the government brought the indictment, but also throughout the presentation of its case-in-chief, tainting the entire proceedings." *Id.* at 1293 (citations and internal quotation marks omitted).

██ In the present case, Petitioners have not shown that the Government withheld information from them which would have prevented their indictment by a grand jury. Nor have they shown that the Government presented false information to

---

**3.** The Court of Appeals for the Sixth Circuit reversed in *U.S. v. Ranger Electronic Communications, Inc.,* 210 F.3d 627 (6th Cir.2000), holding that the defendant had not applied for reimbursement of attorney's fees within the 30-day limitation period. Petitioners contend that the Sixth Circuit left the district court's reasoning that the prosecutions conduct was in "bad faith," and that this reasoning supports their claim.

get an indictment or that the indictment contained legal standards that were contrary to establish law. Probable cause is determined by the grand jury, and, on this record, this Court cannot conclude that the Government misguided the grand jury. Although certain portions of the grand jury transcript reflect leading questions, Petitioners point to nothing that establishes that the grand jury in this case conducted their inquiry in a manner that was unusual or out of the ordinary.

### Request for Discovery

 Finally, Petitioners request limited discovery. The Hyde Amendment provides that, "to determine whether or not to award fees and costs under this section, the court, for good cause shown, may receive evidence *ex parte* and *in camera* ... [and] evidence or testimony so received shall be kept under seal." Hyde Amendment, *supra*. The Court has discretion to allow discovery. *U.S. v. Truesdale*, 211 F.3d 898, 906–907 (5th Cir.2000); *U.S. v. Gardner*, 23 F.Supp.2d 1283, 1295–96 (N.D.Okla.1998). Finding that the record is devoid of any evidence suggesting that the Government pursued the charges for an improper purpose, the Court denies Petitioners' discovery request.

### CONCLUSION

Petitioners have not satisfied their burden. The trial in this case was relatively long, with numerous witnesses, and the Court had a good opportunity to determine whether the prosecution was "vexatious, frivolous, or in bad faith." Under our system of jurisprudence the Government has a duty and a right to investigate allegations of criminal wrongdoing. Moreover, absent bad faith, the Government has the discretion to pursue charges when it believes there is a reasonable basis for such. In sum, the Court concludes that, based upon the entire record in this matter, Government had a reasonable and legal basis upon which to seek charges and to prosecute each of the Petitioners.

Accordingly, the Petitioners' application for reimbursement of attorneys' fees and other expenses is DENIED. An Order consistent with this Opinion will follow.

### ORDER

Pending before the Court are Petitioners Amrik Sikand ("Sikand"), Theodore Milo ("Milo"), and Haryash Gugnani's ("Gugnani") Applications for Attorney's Fees and Expenses pursuant to the Hyde Amendment. Upon consideration of the arguments made in support of and opposition to the application, and in accordance with the foregoing Memorandum Opinion, IT IS this ____ day of January, 2002, by the United States District Court for the District of Maryland, hereby **ORDERED:**

1. That Hyde Amendment Applications for Petitioners Sikand [91–1], Milo [93–1], and Gugnani [92–1], BE and the same hereby are **DENIED;**

2. That Petitioners' request for limited discovery is **DENIED;**

3. That the Clerk of the Court mail copies of this Order to all counsel of record.